UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ELIZABETH BURBAGE,
                Plaintiff,

    -against-

LOUIS PUBLIC COMPANY LIMITED and
GROUP VOYAGERS, INC.,

                Defendants.
------------------------------------------------------------x

07 CIV. 3665

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

JUDGE CONNER

      Plaintiff ELIZABETH BURBAGE, complaining of the defendants herein, by her attorneys, LAW OFFICE OF TODD J. KROUNER, respectfully alleges:

## INTRODUCTION

      1.    This is an action arising from the crash and subsequent sinking of the cruise ship M/S Sea Diamond on or about April 5, 2007. The M/S Sea Diamond was operated by Louis Public Company Limited (d/b/a Louis Hellenic Cruise Lines) ("Louise Cruise"), and had 1,547 passengers and crew onboard. Most of the 1,195 passengers were Americans and Canadians. On April 5, 2007, at around 4 p.m., the ship ran aground on a well-marked volcanic reef east of Nea Kameni, off of the Greek Island Santorini. On April 7, 2007, Greek authorities announced that the Captain and a number of the crewmembers, were being officially charged for their negligence. The charges include causing a shipwreck through negligence, breaching international shipping safety regulations and polluting the environment. The Greek authorities have also announced that the charges may be amended to include criminal charges. The Greek authorities have noted that the underwater reef was well marked on available navigational equipment and maps. Additionally, a number of the vessel's air-tight doors failed to function

properly, allowing water to flood the cabins. A representative from Louis Cruise has publicly admitted that the crash was the result of human error on the part of Louis Cruise personnel.

2. Moreover as reported in the <u>Wall Street Journal</u>, on April 28, 2007, the eye-witness accounts have revealed that the evacuation was poorly planned and implemented. The passengers were forced to endure hours of chaos, fear and images of their death, and fear for health and safety of their loved ones. Maritime safety guidelines generally call for a ship to be evacuated within one hour. Two of the passengers, a father and daughter (neither a party to this action), are presumed to have drowned and their bodies have not yet been found. The survivors suffered an array, of injuries and losses, caused by the crash, and further compounded by the negligent evacuation, which left many without life jackets, instructions or the proper egress from the ship. Moreover, the mental anguish persists and the passengers are likely to suffer severely in the future from their mental trauma caused by this harrowing crash.

## THE PARTIES AND JURISDICTION

3. Plaintiff, Elizabeth Burbage, is a resident of Westchester County and resides in the County of Westchester. She is a retired social studies teacher who taught for 43 years. She was employed for the last 31 years by the Dobbs Ferry school district. She was traveling with a tour of approximately 39 persons, the majority of whom were retired and knew each other either from their work in the Dobbs Ferry school district or through other local contacts.

4. Defendant Louis Cruise has its principal place of business in Nicosia, Greece.

5. Louis Cruise engages in substantial and continuous business in the State of New York.

6. Defendant Group Voyagers, Inc. (d/b/a/ Globus) (hereinafter "Globus") is a New

York corporation and is doing business throughout this Court's jurisdiction.

7. Jurisdiction with respect to defendant Louis Cruise is based upon this Court's diversity jurisdiction, 28 U.S.C. § 1332.

8. Jurisdiction with respect to defendant Globus is based upon this Court's admiralty jurisdiction, 28 U.S.C. § 1333.

9. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

10. Venue is based upon 28 U.S.C. § 1391(a).

### FACTUAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

11. Plaintiff purchased an "escorted tour" package for travel from New York to Greece, and within Greece, from defendant Globus. Plaintiff relied on Globus to escort her safely and to select reliable transportation and provide her with safe passage throughout the escorted tour. Plaintiff relied on Globus, which promotes the value of its escorted tour services as including Globus' assurances that its tour group participants travel with security and knowledge that Globus is a tour expert generally, and an expert particularly concerning cruises lines operations.

12. Plaintiff relied on Globus' assurances of its expertise and emphasis on safety in selecting cruise lines operators and other services for its escorted tour group members. Plaintiff was traveling as a member of a Globus escorted tour throughout her stay in Greece and during this cruise. Globus selected, purchased and held the tickets for each passenger, including plaintiff, for the Louis Cruise on the subject vessel, the M/S Sea Diamond, up until a short time before each passenger, including plaintiff, boarded the M/S Sea Diamond.

13. On or about April 3, 2007, Plaintiff boarded the M/S Sea Diamond at Piraeus,

Greece, for what was scheduled to have been a four day cruise. It was scheduled to visit a number of Greek islands, and scheduled to return to Piraeus, Greece, on April 6, 2007.

14. Plaintiff purchased insurance from Globus, for losses including but not limited to the following categories of damages: death and dismemberment, medical expenses, emergency evacuation, trip cancellation, post-departure interruption, delayed arrival, travel delay, baggage and personal effects and baggage delay.

15. Upon information and belief, at all times herein mentioned, the defendant Louis Cruise owned the vessel the M/S Sea Diamond.

16. At all times herein mentioned, the defendant Louis Cruise operated the M/S Sea Diamond.

17. At all times herein mentioned, the defendant Louis Cruise controlled the M/S Sea Diamond.

18. At all times herein mentioned, the defendant Louis Cruise managed the M/S Sea Diamond.

19. At all times herein mentioned, the defendant Louis Cruise manned, equipped and operated the M/S Sea Diamond.

20. Upon information and belief, at all times herein mentioned the defendant Louis Cruise, owned, operated, controlled, equipped and managed the M/S Sea Diamond in its voyage from April 2, 2007 through April 7, 2007.

21. On and prior to April 5, 2007, defendant Louis Cruise was a major cruise line that operated regularly scheduled passenger cruises and was required to maintain the working order of the vessel and to insure compliance with all applicable safety codes, standards and requirements.

In addition, Louis Cruise was required to provide safety equipment and be able to conduct an orderly and safe evacuation, if necessary, of the M/S Sea Diamond.

22. On and prior to April 5, 2007, defendant Louis Cruise did business in New York and sold its service to the citizens of New York and to the citizens of several other states.

23. Louis Cruises is routinely booked by tour operators from the United States. Americans constituted a large percentage of the passengers on Louis Cruises.

24. Defendant Louis Cruise owned, serviced, maintained, repaired, inspected and operated the subject vessel and its component parts and systems, including but not limited to, navigational systems, control systems, safety doors, safety equipment and evacuation boats and vessels.

25. Defendant Louis Cruise also was responsible to provide training and instructions on safety and evacuation procedures and methods. Defendant Louis Cruise was also obligated to select, train, and supervise its Captain and crew.

26. On April 5, 2007, Elizabeth Burbage, the plaintiff was lawfully and properly a passenger on board the M/S Sea Diamond. As such, Louis Cruse owed her the highest duty of care.

27. On April 5, 2007, the M/S Sea Diamond crashed into an underwater reef and began to sink with some 1,547 passengers and crew on board. The evacuation of passengers took many hours and was complicated and delayed by many negligent acts on the part of the Captain and the crew. These failures lead to delays and personal injuries, the death of two passengers, emotional distress, terror and mental anguish.

28. At all times Globus knew or should of known of the poor condition, inadequate

equipment, poor safety record and negligent operation by Louis Cruise of the M/S Sea Diamond.

## FIRST CAUSE OF ACTION

## NEGLIGENCE OF DEFENDANT LOUIS CRUISE

29. Plaintiff repeats and realleges Paragraphs 1 through 28, above.

30. The Defendant Louis Cruise, its agents, servants and employees were negligent in the navigating, operating and controlling of the M/S Sea Diamond.

31. In derogation of the established maritime standards, regulations and safety rules Louis Cruise operated M/S Sea Diamond carelessly and negligently, and failed to avoid colliding with a reef, failed to operate the vessel in a safe and reasonable manner; failed to operate the vessel in a manner consistent with rules of navigation; failed to properly navigate the sea; failed to avoid impact with a well-marked reef.

32. Defendant Louis Cruises also was negligent in its failure to organize and supervise an orderly evacuation of the passengers. Louis Cruises failed to provide information on evacuations and safety measures prior to and during the evacuation and failed to properly distribute and make available required safety equipment like life jackets. The evacuation was disorganized, disorderly and the Louis Cruise crewmembers were ill prepared and apparently lacked evacuation training.

33. Defendant Louis Cruises' negligence caused Plaintiff to suffer personal injuries, property loss, mental anguish, severe pain and suffering and Plaintiff was severely and permanently injured, shocked, bruised, wounded and suffered great physical and mental pain and injury, was rendered sick, sore, lame and was otherwise injured, and may require future medical care and/or treatment and may incur future medical expenses therefore.

34. The Defendant, Louis Cruise, including their officers, agents, servants and/or employees as set forth herein, acted with willful misconduct and reckless disregard for the safety of Plaintiff; that said Defendant willfully, wantonly, knowingly and with reckless disregard for the safety of the passengers aboard the M/S Sea Diamond caused and permitted the subject vessel to crash; that the said Defendant knowingly and with reckless disregard for the safety of the passengers aboard M/S Sea Diamond caused and permitted unsafe, dangerous, defective and hazardous conditions; to exist aboard said vessel concerning which it had actual or constructive notice and warning, and nevertheless failed to timely remedy said conditions, but instead needlessly, knowingly, recklessly and wantonly risked the lives and safety of the fare paying passengers, despite the knowledge of the Defendant as to the probably horrible, devastating nature of the injuries, which would likely result from their willful, wanton, reckless and grossly negligent conduct, affecting such a large number of persons, including each and every passenger an crew member, and yet recklessly and with willful misconduct and gross negligence, and despite knowledge of earlier defective and other dangerous and hazardous conditions to exist, causing the injuries to the passengers and crew; and that the forgoing willful misconduct, wanton, reckless and grossly negligent acts and omissions of the Defendant Louis Cruise requires, justifies and merits the award of exemplary and punitive damages.

## SECOND CAUSE OF ACTION

## NEGLIGENCE OF DEFENDANT GLOBUS

35. Plaintiff repeats and realleges Paragraphs 1 through 34, above.

36. Globus was negligent in it selection, hiring and referral of Louis Cruise as a cruise line for its escorted tour members. Globus was negligent in failing to provide, hire, select and

supervise safe passage and for its failure to properly escort the Plaintiff in during the tour.

37. Globus knew, or should have known, that Louis Cruise negligently operated to the M/S Sea Diamond. Upon information and belief, Globus knew or should have known that Louis Cruise had violated safety standards on earlier occasions and lacked the requisite navigational skills and failed to take all required safety precautions.

38. Plaintiff relied on Globus to select, screen and hire cruise line operators to insure her safe passage.

39. Defendant Globus was negligent in its failure to provide and contract for safe passage.

40. Defendant Globus also was negligent in its failure to organize and supervise an orderly evacuation of its escorted guests. Globus failed to provide information on evacuations and safety measures prior to and during the evacuation.

41. Globus alone knew of the identity of the cruise operator prior to the cruise. Globus owed Plaintiff a duty of ordinary care in selecting, hiring and referring a cruise line to the Plaintiff. By reason of the foregoing, Defendant Globus breached its duty of care to the Plaintiff.

42. Defendant Globus' negligence caused the Plaintiff to suffer personal injuries, property loss, mental anguish, severe pain and suffering and Plaintiff was severely and permanently injured, shocked, bruised, wounded and suffered great physical and mental pain and injury, was rendered sick, sore, lame and was otherwise injured, and may require future medical care and/or treatment and may incur future medical expenses therefore.

## THIRD CAUSE OF ACTION

## BREACH OF CONTRACT AGAINST DEFENDANT GLOBUS

43. Plaintiff repeats and realleges paragraphs 1 through 42, above.

44. Plaintiff entered into a contractual agreement with Globus and purchased an insurance policy from Globus. Globus charged the Plaintiff a premium and agreed to provide insurance to the Plaintiff. The purchased insurance coverage included insurance for losses including but not limited to, the following categories of damages: death and dismemberment, medical expenses, emergency evacuation, trip cancellation, post-departure interruption, delayed arrival, travel delay, baggage and personal effects and baggage delay.

45. To date, Globus has refused to make payment on its insurance contract, despite request for full payment.

46. Globus charged the Plaintiff a premium for the insurance coverage. Globus has breached the agreement by failing to make payment pursuant to its insurance coverage.

## FOURTH CAUSE OF ACTION

## DECEPTIVE ACTS AND PRACTICES (GBL § 349) AGAINST DEFENDANT GLOBUS

47. Plaintiff realleges paragraphs 1 though 46, above.

48. Defendant Globus represented to the consumers in the metropolitan New York region that it provided escorted tours that would provide safe and reliable escorted travel throughout the world. Globus represented to the public that it was an expert in foreign escorted tours generally and specifically was an expert and cruise line operators. In fact, it omitted to inform the consuming public in general, and Plaintiff in particular, that it did not

9

investigate the safety records or practice of the cruise lines it selected, hired and referred the Plaintiff to and such material omissions by defendant Globus constitute deceptive acts and practices within the meaning of New York General Business Law § 349.

49. Globus also represented it provided insurance and travel protection for an additional fee. Globus has now refused to provide the agreed upon coverage for which it has charged a premium.

50. Such deceptive acts and practices resulted in injury to Plaintiff's person and property, and entitle him compensatory damages, treble damages and an award of reasonable attorney's fees.

51. Since April 5, 2007, Globus continues to commit the aforesaid deceptive acts and practices.

52. On its web page, Globus stresses safety and excellent loss coverage as its chief selling points. See http:// www.globusjourneys.com under the "Trust and Travel Protection" tab.

[THIS SPACE LEFT INTENTIONALLY BLANK]

WHEREFORE, Plaintiff demands judgment against the defendants. Plaintiff Elizabeth Burbage demands judgment against defendant Louis Cruise on the First Cause of Action for compensatory and punitive damages in such amounts as a jury may find fair, reasonable and just; and Plaintiff Elizabeth Burbage demands judgment against defendant, Globus, on the Second, and Third Causes of Action in such amounts as a jury may find fair, reasonable and just; and Plaintiff demands judgment on the Fourth Cause of Action for (a) compensatory damages to the extent permitted by law; (b) reasonable attorney's fees; and (c) an injunction to terminate Globus deceptive acts or practices, all together with interest, costs and disbursements of this action.

Dated: Chappaqua, New York
      May 8, 2007

                                      LAW OFFICE OF TODD J. KROUNER

                                      By: _____
                                      Todd J. Krouner (TK0308)
                                      Jacqueline M. James (JJ1845)
                                      Attorneys for Plaintiffs
                                      93 North Greeley Avenue, Suite 100
                                      Chappaqua, New York, 10514
                                      (914) 238-5800