UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x
ELIZABETH BURBAGE,                                                              :
            Plaintiff,                                                        :
                                                                               :
        - against -                                                          :    Case No. CV 07 3665
                                                                               :    and Twenty-Seven
LOUIS PUBLIC COMPANY LIMITED and GROUP                                          :    Related Actions
VOYAGERS, INC.,                                                                 :    (WCC)(GAY)
            Defendants.                                                       :
------------------------------------------------------------------------------- x

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
# OF ITS MOTION TO DISMISS

**NIXON PEABODY LLP**
*Attorneys for Defendant*
*Group Voyagers, Inc.*
50 Jericho Quadrangle
Suite 300
Jericho, New York 11753
(516) 832-7500

*Of Counsel*
    Joseph J. Ortego, Esq. (JJO 3839)
    James W. Weller, Esq. (JWW 0545)
    Scott P. Eisenberg, Esq. (SE 3775)

**PRELIMINARY STATEMENT**

Defendant Group Voyagers, Inc., d/b/a Globus ("Defendant" or "Voyagers") respectfully submits this Memorandum of Law in Support of its Motion, pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "Rule") §12(b)(6), for an Order dismissing the above-referenced actions in their entirety. These actions involve the sinking of a cruise ship called the M/S Sea Diamond, a cruise ship independently owned and operated by co-Defendant Louis Hellenic Cruise Lines ("Louis"). Plaintiffs were all passengers aboard the ship who survived, and now bring these actions for unspecified injuries. Plaintiffs seek to rest responsibility on Louis, the owner and operator of the cruise ship, but also on Voyagers, despite its limited role as the tour packager. Plaintiffs are attempting to impute liability on Voyagers for the sinking of the M/S Sea Diamond, despite the fact that Voyagers had no duty to ensure the Plaintiffs' safe passage while aboard the independently operated cruise ship. As Voyagers was merely the tour packager and did not operate the ship, Voyagers cannot be held liable for the Plaintiffs' alleged injuries.

Plaintiffs also allege that Voyagers is liable to Plaintiffs by failing to pay certain travel insurance claims. Plaintiffs' claims are unfounded. TripMate Insurance Company ("TripMate"), a non-party, unrelated insurance company, is the entity responsible for processing these claims, not Voyagers. Plaintiffs also allege that Voyagers practiced deceptive marketing acts, but set forth no facts other than broad, conclusory allegations of deception to support this cause of action. Plaintiffs' lack of specificity warrants dismissal of this claim.

Voyagers' motion to dismiss the complaints for failure to state a claim should be granted in its entirety.

**STATEMENT OF FACTS**

Plaintiffs commenced these actions on or about May 8, 2007 alleging claims in negligence and breach of contract, essentially alleging that Voyagers, a tour packager, is liable

for the cruise ship operator's failure to facilitate Plaintiffs' safe passage while aboard the M/S Sea Diamond. See Complaint dated May 8, 2007 ("Compl."), Exhibit ("Ex.") "A" to the Affidavit of Helen Lauck.[1] On or about July 6, 2006, Plaintiffs purchased tour packages through CruisePlanners, a non-party, independent travel agent. CruisePlanners sold Plaintiffs a Voyagers package, which included a six day cruise in the Aegean Sea aboard the M/S Sea Diamond. The M/S Sea Diamond is a cruise ship that is owned and operated solely by Louis.

On or about April, 5, 2007, the M/S Sea Diamond ran aground off the Greek island of Santorini while being operated by Louis employees. As a result of the ship running aground, the cruise was ended early and all passengers were evacuated. The evacuation was conducted by Louis' personnel, pursuant to Louis' internal evacuation procedures. All of the Plaintiffs survived and were successfully evacuated from the ship. Plaintiffs now seek damages for unspecified injuries arising out of the sinking of the Louis ship and for alleged negligent evacuation procedures.

Plaintiffs also allege that Voyagers failed to pay insurance claims for losses for the interruption of their cruises. See Complt., Ex. "A". At the time of booking, Plaintiffs paid premiums for insurance covering their trip. However, Plaintiffs did not enter into an insurance agreement with Voyagers, but rather TripMate, an independent insurance company. See Travel Protection Plan, Ex. "B".[2] Pursuant to the Travel Protection Plan, all claims were to be presented to TripMate at its headquarters in Missouri. Id. at p. 12. Voyagers was not the entity responsible

---

[1] All exhibits referred to in this memorandum of law are attached to the accompanying Affidavit of Helen Lauck, unless otherwise indicated.

[2] It is well-settled in the Second Circuit that in considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents incorporated in the complaint by reference. See Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991). The Travel Protection Plan constitutes the Plaintiffs' insurance agreements, and is incorporated by reference in Plaintiffs' complaints.

for processing Plaintiffs' claims. By a certificate of Travel Protection Plan, TripMate alone was responsible for processing and paying out on any claims arising out of the Plan. Id. The Plan further stated that additional claim forms and/or requests for information were to be directed to TripMate, either via telephone or e-mail. Id.

Finally, through conclusory language, Plaintiffs allege that Voyagers violated General Business Law ("GBL") §349 by engaging in deceptive acts and/or practices of marketing. See Complt. at ¶48, Ex. A. Plaintiffs do not specify what acts or practices were misleading, but make only a broad generalization that Voyagers "represented to the consumers in the metropolitan New York region that it provided escorted tours that would provide safe and reliable escorted travel throughout the world." Id. The sole mention of a specific advertising medium refers to Voyagers' webpage, http://www.globusjourneys.com, under the "Trust and Travel Protection" tab, which Plaintiffs allege is deceptive based on the fact that the Louis cruise ship sank. Id. This webpage makes no mention that Voyagers verifies safety records of cruise lines, and is nothing more than an overview of the travel protection policies it offers, most of which are links to external companies. See Trust and Travel Protection page, Ex. C.

Accordingly, this Court should grant judgment in favor of Voyagers and dismiss the complaints in their entirety.

## ARGUMENT

## DISMISSAL OF THESE ACTIONS IS PROPER

**A.    Standard of Review.**

Rule 12 (b)(6) of the Federal Rules of Civil Procedure authorizes a trial court to dismiss an action where, as in this case, it appears from the face of the Complaint that the plaintiffs have failed to state a claim upon which relief can be granted. See Fed. R. Civ. P. §12(b)(6); see also Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) ("The issue is not

whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."); Martell v. Onbank, No. 95-CV-1807, 1996 U.S. Dist. LEXIS 10686, at *4-5 (N.D.N.Y. July 19, 1996), a copy of this unpublished decision is annexed hereto as Ex. 1.

Applying the foregoing standard, Voyagers is entitled to a judgment dismissing Plaintiffs' Complaints in their entirety.

**B.     Plaintiffs' Second Cause of Action For Negligence Should Be Dismissed.**

Plaintiffs have alleged that Voyagers was negligent in its hiring, selection and referral of Louis; failure to supervise and provide safe passage; and failure to organize and supervise an orderly evacuation. See Complt., Ex. "A". Voyagers, as a distributor of packaged tours, has no duty to undertake the aforementioned tasks. Indeed, it is the cruise line alone which bears these responsibilities. Assuming, *arguendo*, this Court finds that Voyagers had a heightened duty to the Plaintiffs, the cruise ship's running aground was a superseding event which severed any causal connection between Voyagers and the Plaintiffs' alleged injuries.

**1.     Voyagers Had No Duty to Ensure Plaintiffs' Safe Passage on the Louis Cruise, or to Supervise Louis' Evacuation Procedures.**

Voyagers' motion to dismiss Plaintiffs' second cause of action alleging negligence should be granted because it had no duty to investigate and/or inform Plaintiffs of Louis' safety records, ensure Plaintiffs' safe passage while they were aboard the independently operated cruise, or to organize and/or supervise Louis' evacuation procedures. It is axiomatic that in New York, a determination of negligence requires proof of the following four elements: (1) <u>the existence of a duty</u>, (2) the breach of which (3) may be considered the proximate cause of (4) the damages suffered by the injured party. McDuffie v. Wilner, No. 03-Civ.-8367, 2006 U.S. Dist. LEXIS 6483, at *11 (S.D.N.Y. Feb. 17, 2006) (emphasis added), Ex. "D".

It is also well-settled that under New York law, an independent travel or booking agent cannot be held liable for the negligence of its principal where the agent simply makes the reservations or packages the tour. Russell v. Celebrity Cruises, Inc., No. 96-Civ.-3328, 2000 U.S. Dist. LEXIS 10332, at *4 (S.D.N.Y. July 20, 2000), Ex. "D"; see also Cohen v. Heritage Motor Tours, Inc., 205 A.D.2d 105, 618 N.Y.S.2d 387 (2d Dep't 1994) ("a tour operator has no duty to warn group members of a possible hazardous condition on property it neither owns nor occupies… [w]here tour participants are transported by an independent contractor, the tour operator is not responsible for an accident which occurs due to the negligence of the independent contractor."); Dorkin v. American Express Co., 43 A.D.2d 877, 351 N.Y.S.2d 190 (3d Dep't 1974) ("determination that tour bus was owned and operated by an independent contractor precluded any liability on the part of the defendant travel agent, either on a theory of negligence or breach of contract.").

In Russell v. Celebrity Cruises, Inc., a case factually similar to the present actions, this Court emphasized that where the travel agent's actions are limited to making reservations or packaging tours, the companies providing the actual services are considered to be independent contractors, precluding liability against the travel agent for any of the contractor's tortious activity. 2000 U.S. Dist. LEXIS 10332, at *4 (emphasis added). In Russell, the plaintiff contracted Legionnaire's disease while aboard a cruise, the tickets for which had been purchased through defendant travel agent. Id. at 2. Plaintiff alleged that defendant breached its duty by either failing to provide for plaintiff's safe passage as a result of its failure to warn plaintiff of prior outbreaks on the ship, or in its failure to inspect the ships beforehand for hazards. Id. at *6. The Court granted defendant's motion for summary judgment because defendant could not be held liable for accidents occurring on property it did not own, operate, manage, control, or maintain any of the services provided in connection with the cruise line. Id. at *5. Moreover,

the Court stated that plaintiff's claims were "in the face of well-established law," and held that plaintiff was unable to provide any law in support of the contentions that [defendant] owed a duty to warn of the hazards of outbreaks or to inspect the ship. Id.

Similar to the plaintiff in Russell, the Plaintiffs in the present actions seek to hold Voyagers responsible for damages which allegedly occurred on property it does not manage, own or operate. Voyagers was, at most, the entity responsible for distributing Plaintiffs' packaged tours. Louis was an independent contractor which was in full control of the cruise ship, including, but not limited to implementing its own internal evacuation procedures and providing for safe passage while the Plaintiffs were aboard the ship. Plaintiffs can cite no law that would support the allegation that Voyagers had a duty to investigate the cruise ship and/or warn Plaintiffs of any potential hazards, or undertake an impromptu emergency evacuation. Voyagers did not inform the Plaintiffs that it would organize and/or supervise an evacuation procedure independent of the cruise ship's own procedures. Without any showing that Voyagers had a legal duty to undertake the tasks Plaintiffs allege it omitted to do, Plaintiffs' cause of action alleging negligence must fail as a matter of law.

2.   **Voyagers Was Not the Proximate Cause of Plaintiffs' Alleged Injuries.**

Assuming this Court finds that Voyagers had a duty to ensure Plaintiffs' safe passage aboard the Louis cruise ship, Plaintiffs' negligence claims should be dismissed because Voyagers was not the proximate cause of Plaintiffs' alleged injuries. As discussed above, a determination of negligence requires that the complained-of act was the proximate cause of the alleged injuries. McDuffie, 2006 U.S. Dist. LEXIS 6483, at *11. Proximate or legal cause is defined as that "which in a natural sequence, unbroken by any new cause, produces that even and without which that event would not have occurred." Carabello v. United States of America, 830 F.2d 19, 22 (2d Cir. 1987). Where the actual cause of the injury is not disputed, the question of

whether the defendant's negligence was the proximate cause of plaintiff's injury is a question of law for the court. Id.; see also Brucculeri v. Amtrak, No. 92-Civ.-0970, 1996 U.S. Dist. LEXIS 8244, at *5 (S.D.N.Y. June 12, 1996) (holding that where only one conclusion may be drawn from the facts, the question of proximate or legal cause may be decided as a matter of law), Ex. "D".

In Carabello, the Second Circuit emphasized that "under New York law, when the actions of a third person or the plaintiff intervene between the defendant's conduct and the injury, the defendant is liable in negligence only when the intervening acts are a normal and foreseeable consequence of defendant's conduct." 830 F.2d at 22. In so doing, the court reversed the trial court and dismissed plaintiff's action, and held that plaintiff's act was an unforeseeable superseding cause which barred liability from attaching against the defendant. Id. at 23. Specifically, plaintiff became a quadriplegic after hitting his head when diving in shallow water. Id. at 20-21. The court found that plaintiff's failure to observe the shallowness of the water, not the defendant's failure to post signs, was the proximate cause of his injury. Id. at 23.

Plaintiffs would not have sustained their alleged injuries had it not been for the M/S Sea Diamond running aground off the coast of Santorini. By their own admissions, Plaintiffs' injuries, if any, were a result of the actions of the Louis employees' negligence in navigating the ship, and failing to provide adequate evacuation procedures. See Complt. at ¶¶ 31-34, Ex. "A". Plaintiffs' allegations as to Louis include, but are not limited to the following:

> In derogation of the established maritime standards, regulations and safety rules, Louis Cruise operated M/S Sea Diamond carelessly and negligently, and failed to avoid colliding with a reef, failed to operate the vessel in a safe and reasonable manner; failed to operate the vessel in a manner consistent with rules of navigation; failed to properly navigate the sea; failed to avoid impact with a well-marked reef. Defendant Louis Cruises also was negligent in its failure to organize and supervise an orderly evacuation of the passengers. Louis Cruises failed to provide

> information on evacuations and safety measures prior to and during the evacuation and failed to properly distribute and make available required safety equipment like life jackets.

See Complt. at ¶¶ 31-32. As alleged by Plaintiffs, the acts or omissions of Louis were the proximate cause of their alleged injuries. Since the Plaintiffs were on board the M/S Sea Diamond during the accident, their injuries and/or damages would have been the same regardless of which entity sold, planned, or escorted them on their trip. Accordingly, Plaintiffs' second cause of action alleging negligence should be dismissed.

C.  **Voyagers Had No Duty to Pay Travel Insurance Claims Because it Was Not the Entity Responsible for Processing Claims Under the Travel Protection Plans.**

Plaintiffs' third cause of action for breach of contract should be dismissed because Voyagers was not the party responsible for processing Plaintiffs' travel insurance claims and thus it had no duty to pay out such claims, nor did Plaintiffs allege that they performed their own obligations under the contract. To state a claim for breach of contract under New York law, a party must allege (1) the existence of an agreement between plaintiff and defendant, (2) due performance of the contract by the party alleging the breach, (3) a breach, and (4) damages resulting from the breach. The Reuben H. Donnelley Corp. v. Mark I Mktg. Corp., 925 F. Supp. 203, 206 (S.D.N.Y. 1996); see also Arnone v. Deutsche Bank, AG, No. 02-Civ.-4915, 2003 U.S. Dist. LEXIS 7941, at *13 (S.D.N.Y. May 13, 2003), Exhibit "D", (dismissing plaintiff's breach of contract claim where no valid, enforceable contract existed). Moreover, when pleading a breach of an express contract, the complaint must contain some allegation that the plaintiffs actually performed their obligations under the contract. The Reuben H. Donneley Corp., 925 F. Supp at 206.

Voyagers could not have breached a travel insurance agreement with Plaintiffs by failing to pay insurance claims because it was not the entity responsible for doing so. Pursuant to the

express terms of the Travel Protection Plan (the "Plan"), which constitutes Plaintiffs' insurance policies, TripMate was the entity responsible for processing and paying out on claims. See Travel Protection Plan at pg. 12, Ex. "B". A breach of contract claim against Voyagers must fail as a matter of law because Voyagers' only connection to the Plan was its sale, it had no express or implied obligation to make payments under the Plan. Moreover, in their Complaints, Plaintiffs merely state that full payment was requested. However, they fail to allege that they fulfilled all of their obligations, as required by the Plan, including submitting their claims to TripMate.

Since Voyagers had no obligation to receive or pay out on claims under the Plan, and Plaintiffs have failed to allege due performance of their obligations under the Plan, the third cause of action for breach of contract should be dismissed in its entirety.

**D.    Plaintiffs Have Failed to Allege What Practice or Advertisement Was Misleading.**

Plaintiffs' fourth cause of action for deceptive acts and practices under General Business Law ("GBL") §349 should be dismissed because they have failed to allege what acts, practices, or advertisements of Voyagers were deceptive. To state a claim for deceptive practices under section 349 of the GBL, a plaintiff must show: (1) that the act, practice, or advertisement was consumer-oriented; (2) that the act, practice, or advertisement was misleading in a material respect; and (3) that the plaintiff was injured as a result of the deceptive act, practice, or advertisement. Leider v. Ralfe, 387 F.Supp.2d 283, 292 (S.D.N.Y. 2005), citing NY GEN. BUS. §349 (2007).

As proof of their claims, Plaintiffs offer nothing more than broad sweeping allegations that Voyagers failed to inform the public that it "did not investigate the safety records of the cruise lines it selected," despite Voyagers "representing to the consumers in the metropolitan

New York region that it provided escorted tours that would provide safe and reliable escorted travel throughout the world." See Complt. at ¶48, Ex. "A".

Plaintiffs fail to identify any specific alleged misrepresentation, or where or when Voyagers made such representations, leaving Voyagers in the position of having to guess what advertising practices are being questioned. Plaintiffs' sole reference to a particular advertising medium is an allegation that on its webpage, http://www.globusjourneys.com, under the "Trust and Travel Protection" tab, Voyagers stresses safety and excellent loss coverage as its chief selling points. Id. at ¶52. However, there is no mention anywhere on the cited webpage that Voyagers verifies the safety records of cruise ships. See Trust and Travel Protection page, Ex. "C". The page is nothing more than an overview of the travel protection policies Voyagers offers, most of which are merely links to external companies. Id.

## CONCLUSION

For all the foregoing reasons, Defendant Group Voyagers, Inc. respectfully requests that the Court grant its motion and dismiss Plaintiffs' Complaints in their entirety with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: Jericho, New York
       August 24, 2007

**NIXON PEABODY LLP**

By: _____
    Joseph J. Ortego, Esq. (JJO 3839)
    James W. Weller, Esq. (JWW 0545)
    Scott P. Eisenberg, Esq. (SE 3775)
*Attorneys for Defendant*
*Group Voyagers, Inc.*
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500

- 11 -

TO:

Jacqueline M. James, Esq. (JJ 1845)
*Attorney for Plaintiff*
Law Office of Todd J. Krouner
93 North Greeley Avenue, Suite 100
Chappaqua, New York 10514
(914) 238-5800