EXHIBIT "1"

Get a Document by Citation - 1996 U.S. Dist. LEXIS 10686 Page 1 of 11

Case 7:07-cv-03665-WCC  Document 12-2  Filed 08/24/2007  Page 2 of 12

*1996 U.S. Dist. LEXIS 10686, **

JEFFREY BARTELL AND BARTELL MACHINERY SYSTEMS CORP., Plaintiffs, v. ONBANK, ONBANK & TRUST COMPANY, HOWARD SHARP, JOHN D. MARSELLUS, PETER J. MEIER, THOMAS N. WALSH, JR., ROBERT J. BENNETT, WILLIAM J. DONLON, HENRY G. LAVARNWAY, JR., T. DAVID STAPLETON, JR., WILLIAM J. UMPHRED, SR., WILLIAM F. ALLYN, CHESTER D. AMOND, JOSEPH W. BALTZ, RUSSELL A. KING AND J. KEMPER MATT, Defendants.

95-CV-1807 (FJS)

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK

1996 U.S. Dist. LEXIS 10686

July 19, 1996, Decided
July 19, 1996, FILED

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs, a corporation and its president (borrowers), filed an action against defendants, lenders, an officer, and directors, for copyright infringement, breach of contract, breach of an implied nondisclosure agreement, a violation of N.Y. Civ. Rights Law § 51, breach of fiduciary duty, negligence, intentional infliction of emotional distress, and conversion. Defendants filed motions to dismiss the claims.

**OVERVIEW:** The borrowers applied for and obtained a financing package from the lenders. The borrowers submitted to the lenders personal financial information, a business plan, and other documents, which they claimed were distributed by the officer in an altered form to business leaders attending a mergers and acquisitions seminar sponsored by the lenders. The borrowers filed an action, and defendants filed motions to dismiss, which the court granted in part and denied in part. The claims against the directors for copyright infringement were barred because the did not supervise the officer's acts or have a direct financial interest and other claims against them did not comply with Fed. R. Civ. P. 8(a)(2). The borrowers were permitted to file an amended complaint to properly plead their copyright registration so as to comply with 17 U.S.C.S. § 411(a). The allegations were sufficient to state a breach of contract claim against the lenders and the officer. The claims of breach of fiduciary duty, confidentiality, and negligence were dismissed as to the lenders but stated a cause of action as to the officer. The claims under N.Y. Civ. Rights Law 51 did not state a cause of action.

**OUTCOME:** The court granted the directors' motion to dismiss on all claims. It denied the motion with respect to the copyright infringement and breach of contract claims against the lenders and the officer. It granted the motion on the conversion and New York Civil Rights Law claims as against the lenders and the officer but only as to the lenders for claims of breach of fiduciary duty, confidentiality, and negligence.

**CORE TERMS:** motion to dismiss, duty of confidentiality, copyright infringement, seminar, failure to state a claim, registration, breach of fiduciary duty, breach of contract, nondisclosure, acquisition, leaders, Copyright Act, failure to state, infringing, conversion, mergers, subject matter jurisdiction, borrower, infringement, distributed, one year, unauthorized, infringer, portrait, malice, sufficient to state, permission, attending, customer, defendants breached

**LexisNexis(R) Headnotes**

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims
Civil Procedure > Dismissals > Involuntary Dismissals > Failures to State Claims

*HN1* When evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. The court will not dismiss claims for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Copyright Law > Civil Infringement Actions > Liability of Related Defendants > Vicarious Liability
Copyright Law > Ownership Interests > Works Made for Hire
Torts > Vicarious Liability > Employers > General Overview
*HN2* All persons and corporations who participate in, exercise control over, or benefit from a copyright infringement are jointly and severally liable as copyright infringers. Infringers may not shield themselves from liability by using dummy corporations. Even in the absence of an employer-employee relationship one may be vicariously liable if he has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities.

Copyright Law > Civil Infringement Actions > Elements > General Overview
*HN3* One who, with knowledge of the infringing activity, causes or materially contributes to the infringing conduct of another, may be held liable as a contributory infringer.

Business & Corporate Law > Corporations > Directors & Officers > Management Duties & Liabilities > Causes of Action > General Overview
Trademark Law > Federal Unfair Competition Law > General Overview
Trademark Law > Infringement Actions > Personal Liability
*HN4* In general, a director of a corporation is not liable for the wrongs of the corporation or its officers merely because he or she is a director.

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Denials
Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation
*HN5* Fed. R. Civ. P. 9(a)(2) requires that the allegations in the complaint give "fair notice" of what each claim is and the grounds upon which they rest.

Copyright Law > Civil Infringement Actions > Elements > General Overview
Copyright Law > Formalities > General Overview
*HN6* See 17 U.S.C.S. § 411(a).

Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims
Civil Procedure > Dismissals > Involuntary Dismissals > Failures to State Claims
Contracts Law > Breach > General Overview
*HN7* Under New York law, the four elements of a breach of contract claim are (1) formation of an agreement, (2) performance by one party, (3) breach of the agreement by the other party, and (4) damages.

Civil Procedure > Pleading & Practice > Pleadings > Complaints > Requirements
Criminal Law & Procedure > Guilty Pleas > General Overview
Labor & Employment Law > Employment Relationships > Employment Contracts > Conditions & Terms > Trade Secrets & Unfair Competition > Noncompetition & Nondisclosure Agreements
*HN8* In order to meet the pleading requirement of Fed. R. Civ. P. 8(a), plaintiffs bringing a breach of contract claim must, at the very least, plead the terms of the agreement upon which a defendant's alleged liability rests.

Contracts Law > Formation > Execution
Contracts Law > Statutes of Frauds > General Overview
*HN9* See N.Y. Gen. Oblig. Law § 5-701(a)(1) (McKinney 1989).

Contracts Law > Statutes of Frauds > General Overview
*HN10* A contract that is capable of being performed within one year of its making is outside of N.Y. Gen. Oblig. Law § 5-701(a)(1) (McKinney 1989).

Banking Law > Depository Institutions > Customer-Bank Relations > General Overview
Banking Law > Directors & Officers > Duty of Care
Governments > Fiduciary Responsibilities
*HN11* New York law does not appear to recognize an implied duty of confidentiality, a fiduciary duty, or any other duty of care between a bank and its borrowers, absent a showing of malice or bad faith.

Torts > Intentional Torts > Invasion of Privacy > Appropriation > General Overview
*HN12* N.Y. Civ. Rights Law § 50 prohibits the use of a living person's name, portrait, or picture for advertising or trade purposes without the living person's prior written consent.

Torts > Intentional Torts > Invasion of Privacy > Appropriation > General Overview
*HN13* N.Y. Civ. Rights Law § 51 creates the private right of action for violations of N.Y. Civ. Rights Law § 50.

Torts > Intentional Torts > Invasion of Privacy > Appropriation > General Overview
*HN14* The right of privacy protection of N.Y. Civ. Rights Law § 50 is clearly limited to any living person.

Torts > Intentional Torts > Conversion > Elements
*HN15* In order to state a conversion claim under New York law, a plaintiff must plead the exercise of unauthorized dominion and control to the complete exclusion of the rightful possessor. Mere temporary interference with property rights is insufficient.

Copyright Law > Constitutional Protections > Application of Federalism > Federal Preemption
Copyright Law > Subject Matter > Statutory Copyright & Fixation > Fixation Requirements > General Overview
Torts > Procedure > Preemption > General Overview
*HN16* See 17 U.S.C.S. § 301.

**COUNSEL:** [*1] APPEARANCES:

James J. Devine, Jr., Esq., Kiley Law Firm, P.C., Oneida, NY, Attorneys for Plaintiffs.

Carter H. Strickland, Esq., Peter D. Carmen, Esq., Mackenzie, Smith, Lewis, Michell & Huges, LLP, Syracuse, NY, Attorneys for Defendants.

**JUDGES:** Frederick J. Scullin, Jr., United States District Judge

**OPINION BY:** Frederick J. Scullin, Jr.

**OPINION: DECISION AND ORDER**

**Introduction**

Plaintiffs bring this action alleging: (1) copyright infringement, (2) breach of contract, (3) breach of an implied nondisclosure agreement, (4) a claim under New York Civil Rights law § 51, (5) breach of fiduciary duty, (6) negligence, (7) intentional infliction of emotional distress ("IIED"), and (8) conversion. n1 These claims are premised on plaintiffs' assertion that defendants copied and distributed confidential loan request documents to a group of local business leaders without plaintiffs' permission.

Get a Document by Citation - U.S. Dist. LEXIS 20686 Page 4 of 11

Case 7:07-cv-03665-WCC Document 12-2 Filed 08/24/2007 Page 5 of 12

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n1 Claims 1 through 8 are against defendant OnBank, claims 9 through 16 are against defendant OnBank & Trust, claims 17 through 24 are against defendant Howard Sharp, and claims 25 through 32 are against fifteen individual directors of ONBANCorp.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - **[*2]**

Plaintiff Jeffrey Bartell is a New York resident and is president of Bartell Machinery Systems Corp., a corporation with offices in Rome, New York. Defendant OnBank is a New York savings bank, defendant OnBank & Trust Company ("OnBank & Trust") is a New York commercial banking corporation, and defendant Howard Sharp is an officer and employee of OnBank & Trust. The remaining individual defendants are directors of ONBANCorp, Inc. (ONBANCorp), the company that holds the stock of both OnBank and OnBank & Trust.

Presently before the Court is a motion by defendants to dismiss plaintiffs' copyright claim for lack of subject matter jurisdiction, and dismiss plaintiffs' other claims, except plaintiffs' IIED claims, on the ground that they fail to state claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(1) and (b)(6). Oral argument on this motion was held on June 6, 1996, in Syracuse, New York, and the Court reserved decision at that time.

**Factual Background**

In 1991, plaintiffs applied for and obtained a $ 6.5 million financing package from defendant OnBank to finance the acquisition of another corporation's assets. Plaintiffs submitted numerous documents in support of **[*3]** their application for financing, including Jeffrey Bartell's personal financial information and a business plan which included detailed financial statements, asset lists, asset descriptions, financial projections, detailed risk analyses, marketing strategies, and customer names. n2

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n2 The Court will hereinafter refer to all of these submissions as "loan request documents."

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Plaintiffs allege that these loan request documents were submitted to officers and employees of OnBank pursuant to express and implied nondisclosure agreements. Plaintiffs further allege that in 1995, defendant Howard Sharp maliciously and recklessly obtained plaintiffs' loan request documents from OnBank's files, and then distributed the documents in an altered form to business leaders attending a mergers and acquisitions seminar sponsored by Sharp's employer OnBank & Trust for use as a demonstrative aid.

Plaintiffs claim that the altered form in which these documents were distributed at this seminar revealed specific and detailed information **[*4]** and allowed many of the business leaders attending the seminar to quickly discern that the documents concerned Jeffrey Bartell and Bartell Machinery Systems, Corp. They contend that the public disclosure of this confidential information was humiliating, and has unfairly and improperly disadvantaged plaintiffs in the competitive market in which the corporation operates.

**Discussion**

Get a Document by Citation - U.S. Dist. LEXIS 20686 Page 5 of 11

Case 7:07-cv-03665-WCC Document 12-2 Filed 08/24/2007 Page 6 of 12

## I. Individual Directors of ONBANCorp

The Court will first address defendants' motion to dismiss on the ground that plaintiffs failed to state claims upon which relief can be granted against the individual directors.

HN1 When evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must "accept as true all the factual allegations in the complaint" and draw all reasonable inferences in favor of the plaintiff. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164, 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993); Walker v. City of New York, 974 F.2d 293, 298 (2d Cir. 1992). The Court will not dismiss claims for failure to state a claim "'unless it appears beyond doubt that the plaintiff can prove no set [*5] of facts in support of his claim which would entitle him to relief.'" Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)).

With respect to plaintiffs' copyright infringement claims against the individual directors, it is well established that HN2 "all persons and corporations who participate in, exercise control over, or benefit from [a copyright infringement] are jointly and severally liable as copyright infringers." Sygma Photo News, Inc. v. High Soc'y Magazine, Inc., 778 F.2d 89, 92 (2d Cir. 1985) (infringers may not shield themselves from liability by using dummy corporations). "Even in the absence of an employer-employee relationship one may be vicariously liable if he has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." n3 Gershwin Publishing Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159, 1162 (2d Cir. 1971) (promoter held liable as a vicarious and contributory infringer when artists it managed and promoted performed copyrighted works without permission).


- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 "Similarly, HN3 one who, with knowledge of the infringing activity, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer." Gershwin Publishing Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159, 1162 (2d Cir. 1971). Plaintiffs do not allege sufficient facts to support a contributory infringement claim against the individual directors because they do not allege that the directors had knowledge of the infringing activity.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*6]

HN4 In general, a director of a corporation is not liable for the wrongs of the corporation or its officers merely because he or she is a director. Bambu Sales, Inc. v. Sultana Crackers, Inc., 683 F. Supp. 899, 915 (E.D.N.Y. 1988) (personal liability for trademark infringement and unfair competition is established only if officer is a moving, active, conscious force behind the defendant corporation's infringement). n4 In this case, plaintiffs allege that the directors were, "among other things, responsible for ONBANCorp's policies and the policies of its subsidiaries, OnBank and OnBank & Trust." Complaint P 6. However, the Court cannot reasonably infer from this allegation that the individual directors had the "right and ability to supervise" the allegedly infringing activity, or that they had a "direct" financial interest in the exploitation of plaintiffs' alleged copyrights. Gershwin Publishing Corp., 443 F.2d at 1162. For example, plaintiffs do not allege that defendant Sharp reported to any of the directors, or that the directors would receive a direct financial benefit from new customers obtained through the mergers and acquisitions seminar. In addition, there are no allegations [*7] that the directors participated in, exercised control over, or benefited from the alleged infringements. Thus, after drawing all reasonable inferences in plaintiffs' favor, the Court finds that plaintiffs have failed to state copyright infringement claims against the individual directors and these claims must be dismissed.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

Get a Document - by Citation - 1996 U.S. Dist. LEXIS 20686
Case 7:07-cv-03665-WCC Document 12-2 Filed 08/24/2007 Page 7 of 12
Page 6 of 11

n4 See also Mills v. Polar Molecular Corp., 12 F.3d 1170, 1177 (2d Cir. 1993) (director not personally liable for his corporation's contractual breaches unless he assumed personal liability, acted in bad faith or committed a tort in connection with the performance of the contract); DeWald v. Amsterdam Housing Authority, 823 F. Supp. 94, 103 (N.D.N.Y. 1993) ("Case authority overwhelmingly supports the conclusion that voting members of a board cannot be held liable for the corporate entity's resulting acts."); Marine Midland Bank v. John E. Russo Produce Co., Inc., 50 N.Y.2d 31, 44, 427 N.Y.S.2d 961, 405 N.E.2d 205 (1993) (corporate officers and directors not liable for fraud unless they personally participate in the misrepresentation or have actual knowledge of it).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*8]

With respect to the remaining claims against the individual directors, Rule 8(a)(2) of the Federal Rules of Civil Procedure HN5⁺requires that the allegations in the complaint give "fair notice" of what each claim is and the grounds upon which they rest. Leatherman, 507 U.S. at 168. However, plaintiffs fail to allege any specific involvement or conduct by the individual directors, or that they even had knowledge of plaintiffs' loan application, the alleged nondisclosure agreements, or the mergers and acquisitions seminar itself. Thus, the Court finds that the allegations in the complaint fail to give the individual directors "fair notice" of the conduct that could form the basis for any of plaintiffs' remaining claims against them. These claims are dismissed for failure to state claims upon which relief can be granted.

The remainder of this Decision and Order will address plaintiffs' claims against defendants OnBank, OnBank & Trust, and Howard Sharp.

## II. Defendants OnBank, OnBank & Trust & Howard Sharp
### A. Copyright Infringement

Defendants move to dismiss plaintiffs' copyright infringement claims against defendants OnBank, OnBank & Trust, and Howard Sharp for lack [*9] of subject matter jurisdiction. Defendants argue that the Court lacks subject matter jurisdiction because plaintiffs fail to allege that the loan request documents are properly registered with the United States Copyright Office as required by the Copyright Act. 17 U.S.C. § 411(a). n5 In response, plaintiffs assert that the documents are properly registered, and that the allegations in the complaint stating that plaintiffs have "complied in all respects with federal copyright law" are sufficient to bring this claim within the Court's subject matter jurisdiction. n6 Complaint PP 39, 75, and 111.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n5 17 U.S.C. § 411(a) states that HN6⁺"no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title."

n6 Plaintiffs attached photocopies of two copyright registration forms to their memorandum of law.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Although some courts have dismissed copyright claims without prejudice where a plaintiff fails to specifically allege [*10] registration of the copyright claims at issue, n7 this Court finds that the more prudent course of action is to deny defendants' motion to dismiss on the condition that

plaintiffs file a second amended complaint reflecting registration numbers for the copyrights at issue in this case. See Campbell v. Nowlin, 1993 U.S. Dist. LEXIS 7782, No. 92-4177, 1993 WL 205127, at *2 (S.D.N.Y. June 9, 1993) (stating that to dismiss the complaint and require refiling under circumstances similar to the case at bar seems "wasteful and pointless").

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n7 See Geritrex Corp. v. Demarite Indus., LLC, 910 F. Supp. 955, 966 (S.D.N.Y. 1996) (dismissing with leave to refile where plaintiff left a blank space in the complaint for the copyright registration number); and Conan Properties, Inc., v. Mattel, Inc., 601 F. Supp. 1179, 1182-83 (S.D.N.Y. 1984) (motion to dismiss granted without prejudice to replead registration numbers of all copyrights allegedly infringed).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

### B. Breach of Contract

Defendants further move to dismiss plaintiffs' breach [*11] of contract claims for failure to state claims upon which relief can be granted. *HN7* Under New York law, the four elements of a breach of contract claim are (1) formation of an agreement, (2) performance by one party, (3) breach of the agreement by the other party, and (4) damages. Posner v. Minnesota Mining & Mfg. Co., Inc., 713 F. Supp. 562, 563 (E.D.N.Y. 1989).

*HN8* In order to meet the pleading requirement of Fed. R. Civ. P. 8(a), plaintiffs bringing a breach of contract claim must, at the very least, plead the terms of the agreement upon which a defendant's alleged liability rests. Id. (citing Chrysler Capital Corp. v. Hilltop Egg Farms, Inc., 129 A.D.2d 927, 514 N.Y.S.2d 1002, 1003 (3rd Dep't 1987)). In this case, plaintiffs allege that they entered into enforceable written nondisclosure agreements with employees and officers of OnBank, OnBank & Trust, and Howard Sharp in connection with their loan application. Complaint PP 44, 80, and 116. Plaintiffs further allege that they have performed under the agreement; that these defendants breached the agreements by disclosing plaintiffs' loan request documents; and that this breach caused plaintiffs to lose valuable business opportunities [*12] for which they seek compensatory damages.

The Court finds that these allegations are sufficient to state a breach of contract claim against defendants OnBank, OnBank & Trust, and Howard Sharp.

### C. Breach of Fiduciary Duty, Breach of Implied Duties of Confidentiality, and Negligence

Defendants further move to dismiss plaintiffs' claims for breach of fiduciary duty, breach of an implied duty of confidentiality, and negligence, as against defendants OnBank, OnBank & Trust and Howard Sharp. As an initial mater, plaintiffs allege that the loan request documents were submitted to defendant OnBank pursuant to an oral nondisclosure agreement, and that the agreement remains in effect to this day. Defendants argue that these claims are barred by the New York Statute of Frauds. The New York Statute of Frauds provides:

> *HN9* Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to charged therewith, or by his lawful agent, if such agreement, promise or undertaking . . . by its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before [*13] the end of a lifetime.

N.Y. Gen. Oblig. Law § 5-701(a)(1) (McKinney 1989). In other words, **HN10** "[a] contract that is 'capable' of being performed within one year of its making is outside the statute." Zaitsev v. Salomon Bros. Inc., 60 F.3d 1001, 1003 (2d Cir. 1995).

In this case, to the extent plaintiffs allege that defendants breached oral nondisclosure agreements (Claims 2, 11 and 19), these claims are barred by the New York Statute of Frauds and must be dismissed because the oral agreements, as alleged, were not capable of being performed within one year of their creation. See McCoy v. Edison Price, Inc., 186 A.D.2d 442, 588 N.Y.S.2d 566, 567 (1st Dep't 1992).

Furthermore, **HN11** New York law does not appear to recognize an implied duty of confidentiality, a fiduciary duty, or any other duty of care between a bank and its borrowers, absent a showing of malice or bad faith. Graney Dev. Corp. v. Taksen, 92 Misc. 2d 764, 400 N.Y.S.2d 717, 720 (N.Y. Sup. Ct. 1978), aff'd, 66 A.D.2d 1008, 411 N.Y.S.2d 756 (4th Dep't 1978) (implied duty of confidentiality exists between bank and its depositors, not bank and its borrowers); Sharma v. Skaarup Ship Management Corp., [*14] 699 F. Supp. 440, 449 (S.D.N.Y. 1988), aff'd, 916 F.2d 820 (2d Cir. 1990), cert. denied, 499 U.S. 907, 113 L. Ed. 2d 218, 111 S. Ct. 1109 (1991) (citing Graney and finding no implied duty of confidentiality between bank and its borrowers). n8

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

N8 See Also Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat. A., 731 F.2d 112, 122 (2d Cir. 1984) (no fiduciary relationship or implied duty of confidentiality between bank and its creditors/customers under New York law); Young v. United States Dep't of Justice, 882 F.2d 633, 643-45 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990) (declining to conclusively hold that there is an implied duty of confidentiality even between bank and depositor under New York law); Boccardo v. Citibank, 152 Misc. 2d 1012, 579 N.Y.S.2d 836, 837-38 (N.Y. Sup. Ct. 1991) (no implied duty of confidentiality or fiduciary duty between bank and borrower under New York law).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

In this case, plaintiffs do not allege any malice or bad faith on the part of OnBank or its employees. Thus, [*15] the Court finds that plaintiffs' claims against defendant OnBank for breach of fiduciary duty, breach of an implied duty of confidentiality, and negligence must be dismissed for failure to state claims upon which relief can be granted.

However, with respect to defendant Howard Sharp, plaintiffs allege that he acted with malice and ill will towards plaintiffs, and that he was acting as an agent of OnBank & Trust, Sharp's employer. Complaint P 31. Therefore, the Court finds that these allegations are sufficient to state claims for breach of fiduciary duty, breach of implied duty of confidentiality, and negligence against Howard Sharp and OnBank & Trust.

### D. New York Civil Rights Law § 51

Finally, defendants move to dismiss plaintiffs' claims under New York Civil Rights Law § 51. New York Civil Rights Law § 50 **HN12** prohibits the use of a living person's name, portrait, or picture for advertising or trade purposes without the living person's prior written consent. See Howell v. New York Post, 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 612 N.E.2d 699 (1993). New York Civil Rights Law § 51 **HN13** creates the private right of action for violations of New York Civil Rights Law § 50. In [*16] this case, plaintiffs allege that the specific and unique information contained in plaintiffs' detailed loan request documents constitutes a specific likeness or "portrait" of the plaintiffs, and that defendants OnBank, OnBank & Trust, and Howard Sharp distributed this "portrait" to business

leaders attending the mergers and acquisitions seminar without plaintiffs' permission. Plaintiffs also allege that their identities were "so inartfully camouflaged by crossing out names and addresses" that the business leaders were easily able to discern plaintiffs' identities from the face of the documents. Complaint PP 17, 52, 88, and 124.

HN14 "The right of privacy protection [in New York Civil Rights law § 50] is clearly limited to 'any living person.'" Pirone v. MacMillan, Inc., 894 F.2d 579, 585 (2d Cir. 1990). Therefore, plaintiff Bartell Machinery Systems Corp. cannot bring a claim under New York Civil Rights Law § 51 because a corporation is not a "living person" within the meaning of New York Civil Rights Law § 50.

With respect to Jeffrey Bartell's claims, plaintiff fails to allege that defendant OnBank used plaintiff's name in any manner. Therefore, his claim against defendant [*17] OnBank must be dismissed for failure to state a claim upon which relief can be granted.

Furthermore, although the complaint does not specifically state where his name or address was "inartfully camouflaged" by defendants, plaintiff alleges that his name was used for "trade purposes" because the complaint alleges that the business leaders were charged a fee for the seminar, and that the purpose of the seminar was to enhance OnBank & Trust's mergers and acquisitions business. Therefore, the Court finds that the allegations are sufficient to state a New York Civil Rights Law § 51 claim on behalf of Jeffrey Bartell against defendants OnBank & Trust and Howard Sharp. n9

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n9 Plaintiffs withdrew their conversion claims at oral argument on June 6, 1996. However, even if these claims were not withdrawn, they would be subject to dismissal by the Court. HN15 In order to state a conversion claim under New York law, a plaintiff must plead the exercise of unauthorized dominion and control to the complete exclusion of the rightful possessor." Harper & Row, Publishers, Inc. v. Nation Enters., 723 F.2d 195, 201 (2d Cir. 1983), rev'd on other grounds, 471 U.S. 539, 85 L. Ed. 2d 588, 105 S. Ct. 2218 (1985) (citations omitted) Mere "temporary interference with property rights" is insufficient. Id. Here, plaintiffs do not allege that any of the defendants exercised "complete dominion and control" over the documents to the "complete exclusion" of the plaintiffs. Id. Thus, the Court finds that plaintiffs' conversion claims would also be dismissed for failure to state a claim upon which relief can be granted.

Moreover, to the extent that plaintiffs are attempting to recast their copyright infringement claims as conversion claims, these claims are preempted by the Copyright Act Section 301 of the Copyright Act provides:

> HN16 all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright...in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright...are governed exclusively by this title... no person is entitled to any such work under the common law or statutes of any state.

17 U.S.C. § 301. In this case, plaintiffs' allegations focus on the unauthorized reproduction and distribution of plaintiffs' loan request documents. The Court finds that these allegations clearly implicate rights encompassed by the Copyright Act, 17 U.S.C. § 106(1), (3) and (5). In addition, plaintiffs allege that the loan request documents are, in effect, original works of authorship within the subject matter of copyright. If unauthorized publication is the gravamen of plaintiffs' claims, these claim are preempted by the Copyright Act and must be dismissed. Harper & Row, Publishers, Inc. 723 F.2d at 201.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*18]

**Conclusion**

Therefore, after carefully considering the allegations in the complaint, the papers submitted, and the arguments of counsel, it is hereby

ORDERED that defendants' motion to dismiss is GRANTED with respect to all of plaintiffs' claims against the individual directors of OnBANCORP (Claims 25-32), and these claims are DISMISSED for failure to state claims upon which relief can be granted. It is further

ORDERED that defendants' motion to dismiss is DENIED with respect to plaintiff's claims against defendants OnBank, OnBank & Trust, and Howard Sharp for copyright infringement (Claims 1, 9, and 17) on the condition that plaintiffs file an second amended complaint that specifically alleges copyright registration numbers for the copyrights allegedly infringed by defendants within 30 days from the entry of this Decision and Order. It is further

ORDERED that defendants' motion to dismiss is DENIED with respect to plaintiffs' breach of contract claims against defendants OnBank, OnBank & Trust, and Howard Sharp (Claims 2, 10, and 18) for breach of alleged written confidentiality agreements. It is further

ORDERED that defendants' motion to dismiss is GRANTED with respect [*19] to plaintiffs' claims against defendants OnBank, OnBank & Trust, and Howard Sharp for breach of oral confidentiality agreements (Claims 3, 11, and 19), and these claims are DISMISSED pursuant to the New York Statute of Frauds. It is further

ORDERED that defendants' motion to dismiss is GRANTED with respect to plaintiffs' claims against defendant OnBank for breach of an implied duty of confidentiality, breach of fiduciary duty, and negligence (Claims 3, 5, and 7), and these claims are DISMISSED for failure to state claims upon which relief can be granted. It is further

ORDERED that defendants' motion to dismiss is DENIED with respect to plaintiffs' claims for breach of implied duty of confidentiality, breach of fiduciary duty, and negligence against defendants OnBank & Trust and Howard Sharp (Claims 11, 13, 15, 19, 21, and 23). It is further

ORDERED that defendants' motion to dismiss is GRANTED with respect to plaintiff's New York Civil Rights Law § 51 claims *on behalf of Bartell Machinery Systems Corp.* against defendants OnBank & Trust, and Howard Sharp (Claims 12 and 20), and these claims are DISMISSED for failure to state a claim upon which relief can be granted. It is further [*20]

ORDERED that defendants' motion to dismiss is GRANTED with respect to plaintiffs' New York Civil Rights Law § 51 claim *on behalf of Jeffrey Bartell* against defendant OnBank (Claim 4), and this claim is DISMISSED for failure to state a claim upon which relief can be granted. It is further

ORDERED that defendants' motion to dismiss is DENIED with respect to plaintiffs' New York Civil Rights Law § 51 claims *on behalf of Jeffrey Bartell* against defendants OnBank & Trust Company and Howard Sharp (Claims 12 and 20). It is further

ORDERED that defendants' motion to dismiss is GRANTED with respect to plaintiffs' conversion claims against defendants OnBank, OnBank & Trust and Howard Sharp (Claims 8, 16, and 24), and these claims are DISMISSED as withdrawn and for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Get a Document - by Citation - 1996 U.S. Dist. LEXIS 10686 Page 11 of 11

Case 7:07-cv-03665-WCC Document 12-5 Filed 08/24/2007 Page 12 of 12

DATED: July 19, 1996
Syracuse, New York

Frederick J. Scullin, Jr.

United States District Judge

Service: **Get by LEXSEE®**
Citation: **1996 U.S. Dist. LEXIS 10686**
View: Full
Date/Time: Friday, August 17, 2007 - 3:34 PM EDT

\* Signal Legend:
- ● - Warning: Negative treatment is indicated
- [Q] - Questioned: Validity questioned by citing refs
- - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- [A] - Citing Refs. With Analysis Available
- [i] - Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.