UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ELIZABETH BURBAGE,

Case No. CV 07 3665
And Twenty-Seven
Related Actions
(WCC)(GAY)

Plaintiff,

-against-

LOUIS PUBLIC COMPANY LIMITED and
GROUP VOYAGERS, INC.,

Defendants.
-------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**Law Office of Todd J. Krouner**
Jacqueline M. James, Of Counsel
*Attorneys for Plaintiffs*
93 North Greeley Avenue
Chappaqua, New York   10514
(914) 238-5800

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

    A.  The Dobbs Group Is Entitled To Pursue Its Claims. . . . . . . . . . . . . . . 4

    B.  Globus Is Not Entitled To A Dismissal. . . . . . . . . . . . . . . . . . . . . . . . .5

    C.  Globus Fails To Cite Any Cases Which Granted A
        Comparable 12(b)(6) Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

    D.  Proximate Cause Is Fact Sensitive And Is Best Left To
        The Trier Of Fact. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    E.  Globus Sold The Plaintiffs Insurance. . . . . . . . . . . . . . . . . . . . . . . . . 11

    F.  Plaintiffs Have Properly Alleged Its General Business
        Law ("GBL") § 349. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

i

## **TABLE OF AUTHORITIES**

<u>CASES</u>

*Ahmad v. Budget Rent A Car,*
  *158 A.D. 2d 637, 552 N.Y.S. 2d 33 (2nd Dept. 1990)*. . . . . . . . . . . . . . . . .. . ..8

*Albright v. Oliver,*
  510 U.S. 266, 268, (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . ... . 5

*Bartell v. Onbank Trust Company,*
  1996 U.S. Dist. LEXIS 10686 at *11. (N.D.N.Y. 1996). . . . . . . . . . . . . . ...12

*Brucculeri v. Amtrak,*
  No. 92-Civ.-0970, 1996 U.S. Dist. LEXIS 8244, at *5
  (S.D.N.Y. June 12, 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10, 11

*Branum v. Clark,*
  927 F. 2d 698, 705 (2d Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . ...5

*Carabello v. United States,*
  830 F.2d 19, 22 (2d Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . ... . ..11

*Casey v. Sanborn's, Inc. of Texas,*
  478 S.W. 2d 234, (Tex. Civ. App.,1st Dist., 1972). . . . . . . . . . . . . . . . . ..... . . .8

*Cohen v. Heritage Motors Tour, Inc.*
  205 A.D. 2d 105, 618 NYS 2d 387 (2d Dept. 1994). . . . . . . . . . . . . . . . . . .9,10

*Conley v. Gibson,*
  355 U.S. 41, 45-46 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ....5

*Cortec Indus. V. Sum Holding L.P.,*

  949 F.2d 42, 47 (2d Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . .... . ....6

*Geisler v. Petrocelli,*
  616 F.2d 636, 639 (2d Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . ....5

*Dorkin v. American Express Companies,*
  43 A.D.2d 877, 351 N.Y.S. 2d 190 (3d Dep't 1974). . . . . . . . . . . . . . . . . ..…10

*Fogel v. Hertz Int.,*
  141 A.D.2d 375, 529 N.Y.S.2d 484, 485 (1st Dept. 1988). . . . . . . . . . . . . . ...7, 8

*Hamilton v. Beretta U.S.A Corp.,*
     NY App. Div., 96 N.Y.2d 222, (N.Y. 2001). . . . . . . . . . . . . . . . . . . . . . . . . .6, 9

*Hudson v. Continental Bus Systems, Inc.,*
     317 S.W. 2d 584 (Tex. Civ. App. Texarkana, 1958). . . . . . . . . . . . . . . . . . . ...8

*In Re September 11 Litigation*
     280 F. Supp. 2d 279, 289 (S.D. N.Y. 2003) . . . . . . . . . . . . . . . . . . ... .5,6 ,7,11

*Kramer v. Time Warner, Inc.,*
     937 F. 2d 767 (2d Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

*LaBounty v. Adler,*
     933 F.2d 121,123 (2d Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ...5

*Lieder v. Ralfe,*
     387 F.Supp. 2d.283 (S.D.N.Y. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

*Rovinsky v. Hispanic Holidays, Inc.,*
     180 A.D. 2d 673, 580 N.Y.S. 2d 49, (2nd Dept. 1992*)*. . . . . . . . . . . . . . . 6,7,8

*Russell v. Celebrity Cruises, Inc.,*
     2000 U.S. Dist. Lexis 10332 (S.D.N.Y. July 20, 2000). . . . . . . . . . . . . . . .. 9

*Santiago v. Archer,*
     136 A.D.2d 690, 691, 524 N.Y.S.2d 106, (2d Dept. 1988). . . . . . . . . . . . ...7

*Scheuer v. Rhodes,*
     416 U.S. 232, 236 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ....6

*The Reuben H. Donnelley Corp., v. Mark I Mktg, Corp.,*
     925 F.Supp. 2d 203 (S.D.N.Y. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . ....12

iii

## PRELIMINARY STATEMENT

Plaintiffs respectfully submit this Memorandum of Law in Opposition to Defendant Group Voyagers, Inc., d/b/a/ Globus ("Defendant" or "Globus") motion to dismiss. Globus is not entitled to dismissal of Plaintiffs well-pleaded complaints. Globus has failed to cite a single similar case in which a court has granted a dismissal on the pleadings. Plaintiffs properly allege viable claims and are entitled to full discovery.

## STATEMENT OF FACTS

Plaintiffs are a group of about 38 neighbors from Dobbs Ferry and the surrounding river villages, who were traveling together (the "Dobbs Group"). *See* Complaint ("Compl.") attached as Exhibit 1, to the Burbage Declaration.[1] The Dobbs Group included active and retired, school teachers, fire fighters, health professionals and hospital workers. *See* Compl. ¶ 3. On April 5, 2007, at around 4 p.m., the cruise ship the M/S Sea Diamond, owned by Louis Public Company Limited ("Louis Cruise"), ran aground on a well-marked volcanic reef off the Greek Island Santorini. *See* Compl. ¶1. Most of the 1,195 passengers on board were Americans and Canadians. *Id.* Two of the passengers, a father and daughter (neither party to this action), are presumed to have drowned and their bodies have not yet been found. *See* Compl. ¶ 2. The Greek authorities have announced the Captain and a number of the crewmembers are being officially charged for their negligence and criminal charges may be lodged. *See* Compl. ¶1.

Globus sells travel services under a number of brand names, which it promotes as

---

[1] All exhibits to this memorandum are attached to the accompanying declaration of Elizabeth Burbage.

its "GLOBUS family of brands." *See* Compl. ¶ 52; *see also* Globus' website pages, Ex. 2.

[2] Each Globus brand tour offers a different level of service, oversight and quality of

travel. The "GLOBUS" brand tour is Defendant's highest level and offers "first-class

escorted travel." *Id.* Globus' other brand names include, COSMOS, MOMOGRAMS,

and AVALON, which provide less expensive options and independent travel. *Id.* The

Dobbs group was traveling on a GLOBUS brand first-class escorted tour (the "GLOBUS

brand escorted tour").

Globus puts together pre-arranged tours to sell as GLOBUS brand escorted tours

and sells them to groups of passangers through travel agents. *Id.* Each member of a

GLOBUS brand escorted tour pays one sum for the entire tour and all the included travel

services. Compl. ¶ 11-12; *see also* Ex. 3. Globus' profits are, presumably, the difference

between the price it charges for its first-class escorted tours and the amount it costs

Globus to provide the travel services.

On its website, Globus makes the following assurances and promises concerning

its "escorted" travel services:

> • The *safety of our travelers* and the richness of our vacations is a priority, and it is what has made Globus the worldwide leader in travel and a name you can trust. Ex.2 *(emphasis added)*.

> • The best way to experience the benefits of escorted travel is to choose the Globus vacation best for you and then trust Globus to provide you with a superb travel experience. *Id.*

> • You'll also enjoy many inclusions such as cruises, high-speed trains, and Local Guides. We offer over twice the number of included

---

[2] Plaintiff agrees with Globus that documents explicitly referred to the complaint, such as Globus' website www.globusjourneys.com ,are incorporated by reference to the complaint and may be considered by the    court in deciding a Fed. R. Civ. P. 12(b)(6) motion. Def. Br. at n. 2.

features as our nearest competitor, without any additional cost to you. *Id.*

•  Globus offers numerous travel protection plans meaning Globus is a name you can trust. *Id.*

•  One of the biggest benefits of escorted travel is the ability to experience a destination without worrying about the travel details such as transfers, hotels and much more." *Id.*

•  Escorted travel with Globus will allow you to travel with confidence. *Id.*

According to Globus, cruises are "inclusions" provided by Globus, "with no additional costs" to its escorted tour members. *See* Globus website pages Ex. 2. Globus promotes its "inclusion" feature as an example of its superior service in comparison to its competitors. *Id.*

Globus controls, plans, staffs, selects and arranges for all necessary services for its GLOBUS brand escorted tour. *Id.* Globus selects all the facilities and provides all the transportation and services on its escorted tours. *Id.* Globus does not notify or solicit input from tour members, as to its selections. *See* Compl. ¶¶ 11 & 12.  Tour members do not receive details as to the services and transportation to be provided or who owns and controls any provided travel related services. *See* Compl. ¶¶ 11 & 12; 36-41.  Globus tour members only know that they are traveling on a GLOBUS brand escorted tour and that Globus is providing all the pre-paid for services. *See* Compl. ¶ 41.  Historically, according to its website, Globus owned and operated its own tour transportation including, tour boats, tour coaches and aircrafts. *See* Globus website pages Ex 2.

Globus never advised the Dobbs Group that Louis Cruise was to provide the included cruise services, nor did Globus notify the passengers of the identity of the cruise operator or owner. *See* Compl. ¶ 41.  The Dobbs Group did not receive separate tickets

for the cruise and were only handed cruise tickets by a Globus employee at the time of

boarding the ship in Greece. *See* Compl. ¶12. Each tour member of the Dobbs Group

was required by Globus to pay for all the services to be provided at least 65 days prior to

travel. *See* Ex. 3. All promotional items provided by Globus to the Dobbs Group such as

a free drink voucher, a travel bag, and other promotional giveaways, were marked with

only the GLOBUS brand name. Compl. ¶41 *see also i.e.* Ex. 4. Presumably, Globus

derives financial benefits from receiving full payments from its clients prior to selecting

travel services.

Globus also affirmatively promotes and sells "the Globus family of brands Travel

Protection Plan" and the "optional Globus family of brands Travel Protection Plus Plan at

an additional cost of only $30.00 per person." *See* Globus' website pages, Ex. 2.

According to Globus, the "[t]he travel Protection Plan is provided by the Globus family

of brands…."*Id.*

## ARGUMENT

### A.    The Dobbs Group Is Entitled To Pursue Its Claims

A Rule 12(b)(6) motion requires the court to determine if plaintiff has stated a

legally sufficient claim. A motion to dismiss under Rule 12(b)(6) may be granted only if

"it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957);

*Branum v. Clark*, 927 F. 2d 698, 705 (2d Cir. 1991). The court's function is "not to assay

the weight of the evidence which might be offered in support" of the complaint, but

"merely to assess the legal feasibility" of the complaint. *Geisler v. Petrocelli,* 616 F.2d

636, 639 (2d Cir. 1980).

The court must determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). It is established that the Court must assume the truth of the plaintiff's "well-pleaded allegations" and read the complaint generously drawing all reasonable inferences in favor of the pleader. *See Albright v. Oliver*, 510 U.S. 266, 268, (1994); *LaBounty v. Adler*, 933 F.2d 121,123 (2d Cir. 1991); *In Re September 11 Litigation* 280 F. Supp. 2d 279, 289 (S.D. N.Y. 2003). Even when the court does dismiss it is "the usual practice" to allow leave to replead and it is an abuse of discretion to deny such leave without justification. *Cortec Indus. V. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

Here Plaintiffs have pled a legally sufficient claim and are entitled to full discovery and to offer evidence to support its claims.

**B. Globus Is Not Entitled to a Dismissal**

Plaintiffs allege that Globus holds itself out to be a provider of first-class GLOBUS brand escorted travel services and was negligent in its hiring, selection, and management of the cruise services. *See* Compl. ¶¶11-12 & ¶¶36-42. Plaintiffs specially allege Globus knew or should have known, of Louis Cruise's prior safety violations. *See* Compl. ¶ 37. Further, Plaintiffs allege they relied on assurances and representation made by Globus. *See* Compl. ¶¶11-12 & ¶¶ 48-52; *see also* Ex. 2. All of these allegations must be assumed to be true by this Court in deciding this motion to dismiss. *LaBounty* at 123. Moreover, Globus itself concedes in its moving papers, that its sales promotion "stresses safety and excellent loss coverage as its chief selling points." Def. Br. at 10.

Globus concludes, without any citation, that it is entitled to dismissal because it

5

should not be held responsible for Louis Cruise's negligence, and it did not have a duty to

investigate and/or inform Plaintiffs of Louis Cruise's safety records, despite its safety

assurances. Def. Br. at 4 & 10.  However, under New York law, a defendant may be

liable for the conduct of another based upon the relationships between the parties. *See In

Re September 11* at 17.

　　As this Court has recognized *In Re September 11*, the New York Court of Appeals

has ruled "[t]he key in each [relationship] is that the defendant's relationship with either

the tortfeasor or the plaintiff places the defendant in the best position to protect against

the risk of harm." *In Re September 11* at 17(denying the airlines' motion to dismiss

claiming they owed no duty to ground victims); *quoting Hamilton v. Beretta U.S.A Corp.,*

96 N.Y. 2d  222, 233 (N.Y. 2001).

　　As the *Hamilton* court explains this exception to the general rule, that a defendant

does not owe duty to protect another, is based on the relationships between the parties

such as common carriers and their passengers. *Id.*  Courts have noted that because this

rule is based on the relationships freely entered into by the parties "the specter of

limitless liability is not present because the class of potential plaintiffs to whom the duty

is owed is circumscribed by the relationship." *Id.*  Tour operators and their passengers

may form such relationships, which in turn may form the basis of liability.

　　For example, in *Rovinsky v. Hispanic Holidays, Inc.,* 180 A.D. 2d 673, 580

N.Y.S. 2d 49 (2nd Dept. 1992*)*,  the Second Department reversed the lower court's ruling

in favor of the tour operator on  summary judgment in a case very similar to this case.  In

*Rovinsky* the plaintiffs had purchased an escorted tour from a tour operator that stated in

its brochure that the tours included "carefully chosen sightseeing excursions and guides,

6

plus experienced and friendly personnel to serve you both here and in our offices in

Spain." *Id.* at 674. Based on this record the Appellate court held:

> "the triable issues of fact which preclude summary judgement in this
> case is whether the nature and content of the brochure circulated by
> the defendant to encourage the plaintiffs to purchase sightseeing
> tours in Spain were such to constitute a holding out to the public
> which would estop it from disclaiming liability for the negligence of
> the independent contractor who owned and operated the subject
> bus."

*Id.*

    Here, Globus has made many similar assurances and therefore is estopped from

disavowing liability even if Louis Cruise is ultimately found to be an independent contractor as

Globus argues. *Id.; see also Fogel v. Hertz Int.,* 141 A.D.2d 375, 529 N.Y.S.2d 484, 485 (1st

Dept. 1988)(issue of fact whether Hertz rental car was an independent contractor).

Furthermore, in *Rovinsky* the Second Department recognized that a plaintiff could recover if

the defendant mades representations in its brochure in bad faith or if the statements misled. *Id.*

    In this case it is unlikely that Louis Cruise will be ultimately found to be an

independent contractor based on the ostensible agency rules and the prohibition against

an agent's non-disclosure of a principle. The Second Department recognizes "the

doctrine of apparent or ostensible agency (sometimes referred to as agency by estoppel or

by holding out)…This doctrine provides, in sum, that a plaintiff has a right to except not

only that a person upon whom he or she relies for special services will hire skillful

employees, but also that if the servant is guilty of malpractice the person upon whom

plaintiff relied in the first instance will be answerable therfor in damages." *Santiago v.*

*Archer* 136 A.D.2d 690, 691, 524 N.Y.S.2d 106, (2d Dept. 1988). These principles are

applicable in travel related service cases. *See Rovinsky v. Hispanic Holidays, Inc.,* 89

A.D. 2d at 580 (a tour operator may be held liable for assurances made thereby creating duties).

Additionally, in *Ahmad v. Budget Rent A Car, 158 A.D. 2d 637, 552 N.Y.S. 2d 33 (2nd Dept. 1990,)* the court denied summary judgment noting that factual issues exist as to the degree of control, corporate structure and the principle and agent relation between Budget and a foreign franchise. Simarily, in *Fogel,* 141 A.D. 2d at 375, the court denied summary judgment where there were issues of fact concerning an apparent or ostensible agency that may serve as the basis for vicarious liability of Hertz US for the acts of an Italian car rental company using a Hertz logo. *Id.*

This rule has been follow widely, and other courts have held the tour operator liable for the negligence of its undisclosed principles. *Casey v. Sanborn's, Inc. of Texas,* 478 S.W. 2d 234, (Tex. Civ. App.,1st Dist., 1972) (when a tour operator fails to disclose to tour members the fact that the bus driver selected to provide the services was acting as the tour operators principle the tour operator can be held liable for the negligence of the bus driver); *Hudson v. Continental Bus Systems, Inc.,* 317 S.W. 2d 584 (Tex. Civ. App. Texarkana, 1958) (traveler was entitled to a trial on the issue of liability for the acts of its undisclosed principal, on theories of estoppel and joint venture when a tour member was injured on a bus operated by an unidentified subcontractor or principal, hired by the tour operator).

Here, the Court must reject Globus' premature conclusion, made in its motion, that it cannot be liable for Louis Cruise's negligence. The nature of the relevant relationships needs to be assessed on full factual record.

**C. Globus Fails To Cite Any Cases Which Granted A Comparable 12(b)(6) Motion**

Globus supports it motion to dismiss Plaintiff's second cause of action, alleging negligence, solely on three travel service related cases, all of which were decided *after discovery was complete*, on summary judgment. Def. Br. at 4-6. First, in *Cohen v. Heritage Motors Tour, Inc.* 205 A.D. 2d 105, 618 NYS 2d 387 (2d Dept. 1994), the court ruled that when a tour provider assumes a duty, it may be held liable for a breach of that duty if the tour provider's conduct placed the injured party in a more vulnerable position had the duty not been assumed. In *Cohen*, the court denied summary judgment to the tour provider and held a jury should decide whether or not the tour provider assumed and breached a duty. *Cohen*, 205 A.D.2d at 107. Here, Plaintiffs properly allege that based on the relationship between Globus and its tour members and based upon its representations and assurances, Globus was duty bound to endeavor to provide all travel services in a reliable and safe manner. *Id.; see also Hamilton* 96 N.Y. 2d at 233 (the assessment of third party negligence is centered on the relationships between the parties).

The second case relied upon by Globus is clearly distinguishable and provides no support for dismissal. *See Russell v. Celebrity Cruises, Inc.,* 2000 U.S. Dist. Lexis 10332 (S.D.N.Y. July 20, 2000) (attached to Def. Br.). The plaintiff in *Russell* contracted Legionnaire's disease during a Celebrity Cruise Lines, cruise, reserved by Liberty Travel. *Id.* After Celebrity had been dismissed by an earlier ruling, the court ruled "there simply is no evidence that Liberty knew of the 'outbreaks'" of Legionnaire's disease in the geographical region in which the plaintiff traveled. *Id.* The plaintiff, therefore, argued that the Liberty Travel breached a "fiduciary duty" in an attempt to hold Liberty liable for the contraction of Legionnaire's disease. The court held Liberty Travel did not act as plaintiff's fiduciary and based on the full record granted summary. *Id.*

9

Finally, Globus relies on *Dorkin v. American Express Companies,* 43 A.D.2d 877,

351 N.Y.S. 2d 190 (3d Dep't 1974). The *Dorkin* court explained " [t]he crucial issue is

the relationship between [the tour company] and the foreign bus company on whose bus

plaintiff was injured." *Id.* at 2.  In ruling on the summary judgment the *Dorkin* court

held, "[w]hile the allegations of the complaint, if proven, are sufficient to hold defendant

liable…." based on the full record, including the motion papers, depositions and exhibits,

the defendant was entitled to summary judgment. *Id.* at 2.  None of cases relied upon by

Globus support dismissal here. Rather, each case teaches that these cases are fact

sensitive and must be decided on a full factual record, after the completion of discovery..

It is established when a tour provider assumes a duty, it may be held liable for

breach of that duty if the tour provider's conduct placed the plaintiff in a more vulnerable

position had the duty not been assumed. *See Cohen,* 205 A.D. 2d at 107.  Here Plaintiffs

are entitled to present evidence that Globus undertook a duty by its words and deeds and

its failure to perform that duty placed the Plaintiffs in a more vulnerable position.

**D. Proximate Cause is Fact Sensitive and is Best Left to The Trier of Fact**

The case law relied upon by Globus to assert a proximate cause rationale for its

motion to dismiss, concede issues relating to proximate cause are normally decided by a

jury "[b]cause the existence of proximate cause, including what is foreseeable and what is

normal, is subject to various inferences, it is generally a question for the fact finder to

resolve." *Brucculeri v. Amtrak,* No. 92-Civ.-0970, 1996 U.S. Dist. LEXIS 8244, at *5

(S.D.N.Y. June 12, 1996)(attached to Def. Br.); Def. Br. at 6-8.

Moreover, both proximate cause cases relied upon by Globus where decided on a

full factual record and not on a motion to dismiss. *See Carabello  v. United States,* 830

10

F.2d 19, 22 (2d Cir. 1987) (appeal from a bench trial ruling in favor of plaintiff which

awarded 12 million dollars, the proximate cause issue was plaintiff's own negligence);

*Brucculeri v. Amtrak,* No. 92-Civ.-0970, 1996 U.S. Dist. LEXIS 8244, at *5 (S.D.N.Y.

June 12, 1996)(granting summary judgment based on its conclusion that a third party can

not be held liable for negligently delivering material on a construction site three years

before the suit was filed).  Globus cites no authority to justify dismissal based on

proximate cause. Def. Br. at 6-8.

The crucial inquiry in determining proximate cause issues is the foreseeability of

the alleged intervening cause.  *In Re: September 11* at  280 F. Supp. 2d at 302. In *In Re*

*September 11* this court denied the Port Authorities motion to dismiss claiming the

intervening criminal terrorist assault "unprecedented in human history" was

anintervening cause and therefore the Port Authority should be dismissed based on

12(b)(6).  *In Re: September 11* at 280 F. Supp. 2d at 289 & 299.   In that case, this Court

held that the intervening acts had to be the sole cause of plaintiff's injury and had to be

unforeseeable to the defendant to bar recovery. *Id.* at 301-02.  Given the plaintiffs

allegation against the Port Authority, this Court denied the motion, noting discovery was

necessary to flesh out the issue of foreseeablility. *Id.*

Here, the Plaintiffs are likewise entitled to discovery on the issue of

foreseeability.  Therefore, the Court should permit the Plaintiffs to proceed with its

negligence claims against Globus.

**E. Globus Sold The Plaintiffs Insurance**

Plaintiffs have properly pled Globus sold an insurance contract to Plaintiffs and

did not perform under that contract. Compl. ¶¶ 44-46.  Globus cites the contract pleading

case *Bartell v. Onbank Trust Company* 1996 U.S. Dist. LEXIS 10686 at *11. (N.D.N.Y.

1996). Def Br. at 4. The *Bartell* court easily denied a motion to dismiss contract claims

based on allegations similar to the allegations made here in Plaintiffs' complaints. *Id.*

    To satisfy contractual pleading requirements the plaintiff must plead the existence

of a contract and its terms. *Bartell* at *11. Here, Plaintiffs have fully satisfied this

requirement by alleging: "Plaintiff entered into a contractual agreement with Globus and

purchased an insurance policy from Globus. Globus charged the Plaintiff a premium and

agreed to provide insurance to Plaintiff....Globus charged the Plaintiff a premium for the

insurance coverage. Globus has breached the agreement by failing to make payment

pursuant to its insurance coverage." Compl. ¶¶ 44-46.

    Moreover, Globus does not dispute that it charged and received payment for the

premium it charged. Therefore its reliance on *The Reuben H. Donnelley Corp. v. Mark I*

*Mktg, Corp.,* 925 F.Supp. 2d 203 (S.D.N.Y. 1996), to suggest Plaintiffs' non-

performance under this contract is nonsensical. Def. Br. at 8.

    Rather, Globus admits it sold the plan to the Plaintiffs in its moving papers. Def.

Br. at 9 ([Globus'] only connection to the Plan was its sale....."). Globus attempts to

evade responsibility for its non-performance under the insurance contract, it admits it

sold, by suggesting someone else was "entirely responsible for processing and paying

claims" on behalf of Globus. Def. Br. at 9. Globus charged and received the premium

payments from the Plaintiffs and is not entitled to dismissal based upon its alleged

delegation of claim processing duties. *Bartell* at *11.

    Finally, Plaintiffs objects to Globus' reliance and submission in support of its

motion to dismiss, on a copy of the Travel Protection Plan form by TripMate. Def. Br. at

2. The Globus website affirmatively states that insurance is sells "is provided by the Globus family of brands...." *See* Ex. 2 Globus website pages.

At present, there is no reliable record from which the Court can determine the relationship between Globus and TripMate, whom Globus now alleges is "an independent insurance company." Def. Br. at 2.   Therefore, the Court should not consider the TripMate document or Globus' untested interpretation of its legal significance.

To do otherwise the Court will have to convert the present motion into a Rule 56 motion and allow discovery, which is simply not efficient. *See Kramer v. Time Warner, Inc.* 937 F. 2d 767 (2d Cir. 1991) ("if a district court wishes to consider additional material, Rule 12(b) requires it to treat the motion as one for summary judgment under Rule 56, giving the party opposing the motion notice and an opportunity to conduct necessary discovery and to submit pertinent material.")  The Court should permit the Plaintiffs to pursue its contract claims.

**F. Plaintiffs have properly Alleged Its General Business Law ("GBL") § 349 Claims**

Plaintiffs have identified numerous misrepresentations made by Globus and has fully met its pleading requirements under GBL § 349.  *See* Factual Statement *Supra.*

Globus itself admits in its moving papers that it's advertising "stresses safety and excellent loss coverage as its chief selling points." Def. Br. at 10.  Despite, it's admitted advertising campaign stressing safety as "chief selling points", Globus now argues it did not represent to the consuming public that it would warn against dangers it knew of or should have known of, to GLOBUS brand tour members.  Def. Br. at 5 & 10.

Plaintiffs have fully pled a violation by Globus to the consuming public which includes allegations to support all the elements for a GBL § 349 claim.  *See* Compl. ¶¶

48-52. *see also Lieder v. Ralfe*, 387 F.Supp. 2d.283 (S.D.N.Y. 2005) (set forth the elements of a GBL § 349 claim).

Here again, Globus simply fails to provide the Court with any authority which supports dismissal of these claims at this stage of the litigation. *See* Def. Br. at 9. The only case cited by Globus to support the dismissal of Plaintiffs' GBL § 349 claim is *Lieder v. Ralfe*, 387 F.Supp. 2d.283 (S.D.N.Y. 2005); see Def. Br. at 9-10. This case does not address a Rule 12 dismissal, but rather denies federal class action certification of state law claims based upon statutory bar. *Id.* Plaintiffs have properly plead a cause of action under GBL § 349 and should be permitted to develop these claims through discovery.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny Globus' Motion to Dismiss the Plaintiffs' Complaint with prejudice and allow the Plaintiffs to proceed to assert each of its pled causes of action against Globus.

Dated: Chappaqua, New York
       September 21, 2007

LAW OFFICE OF TODD J. KROUNER

By: Jacqueline M. James (JJ 1845)
    Attorneys for Plaintiffs
    93 N. Greeley Avenue, Suite 100
    Chappaqua, New York, 10514
    (914) 238-5800