UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x
ELIZABETH BURBAGE,                                                         :
            Plaintiff,                                             :
                                                                    :
          - against -                                                  :   Case No. CV 07 3665
                                                                    :   and Twenty-Seven
LOUIS PUBLIC COMPANY LIMITED and GROUP                                     :   Related Actions
VOYAGERS, INC.,                                                            :   (WCC)(GAY)
            Defendants.                                             :
-------------------------------------------------------------------------- x

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER
## SUPPORT OF ITS MOTION TO DISMISS

**NIXON PEABODY LLP**
*Attorneys for Defendant*
*Group Voyagers, Inc.*
50 Jericho Quadrangle
Suite 300
Jericho, New York 11753
(516) 832-7500

*Of Counsel*
    Joseph J. Ortego, Esq. (JJO 3839)
    James W. Weller, Esq. (JWW 0545)
    Scott P. Eisenberg, Esq. (SE 3775)

**PRELIMINARY STATEMENT**

Defendant Group Voyagers, Inc., d/b/a Globus ("Defendant" or "Voyagers") respectfully submits this Memorandum of Law in Further Support of its Motion, pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "Rule") §12(b)(6), for an Order dismissing the above-referenced actions in their entirety. In their opposition papers, Plaintiffs have set forth no new facts that would tend to prove Voyagers should be held accountable for injuries arising out of the sinking of the M/S Sea Diamond, a cruise ship independently owned and operated by co-Defendant Louis Hellenic Cruise Lines ("Louis"). Voyagers did not operate the ship, it merely acted as the packager of Plaintiffs' tours, therefore it would be improper to impute liability on Voyagers for the alleged criminal acts of the ship's captain and crewmembers. Plaintiffs have cited no authority for their proposition that Voyagers had a duty to investigate or warn Plaintiffs of Louis' alleged prior safety violations.

Moreover, Plaintiffs have again failed to allege what obligations Voyagers failed to comply with under any travel insurance agreement. Voyagers does not dispute that it sold insurance coverage to the Plaintiffs; however, as is explicitly stated in the Plaintiffs' insurance agreements, Voyagers was not the entity responsible for administering and/or processing any subsequent claims. In this respect, Voyagers' position was no more than that of a broker, or middleman, and it cannot be held liable for an alleged breach by the attendant insurer. Further, Plaintiffs have again failed to allege that they performed their own obligations under the insurance agreement.

Finally, Plaintiffs' claims of deceptive acts or practices by Voyagers must be dismissed because they have repeatedly failed to identify any acts or practices of Voyagers that were misleading in a material respect. As evidence of their claims, Plaintiffs again cite an alleged statement that Voyagers "stresses safety as a chief selling point," coupled with the subsequent

crash of the Louis cruise as evidence of deception. Although safety is clearly an important issue to Voyagers, it is untenable to suggest that a stated commitment to safety could be deemed deceptive as a result of an unfortunate accident caused by alleged criminal actions of an independent cruise staff.

Accordingly, Plaintiffs' Complaints should be dismissed in their entirety.

## STATEMENT OF FACTS

The facts relevant to this Reply brief are set forth in the underlying motion. Accordingly, in the interests of judicial economy, these facts will not be repeated here.

## ARGUMENT

## DISMISSAL OF THESE ACTIONS IS PROPER

**A.  Plaintiffs' Second Cause of Action For Negligence Should Be Dismissed.**

Plaintiffs' cause of action alleging Voyagers' negligent selection of the Louis cruise services should be dismissed because Plaintiffs' have again failed to show how Voyagers had any duty to investigate and/or warn Plaintiffs of any of Louis' alleged prior safety violations. Moreover, a full factual record is not needed for this Court to make a determination that Voyagers was not the proximate cause of any of Plaintiffs' alleged injuries.

    **1.  Plaintiffs Have Failed To Cite Any Authority To Support Their Argument That Voyagers Had A Duty To Investigate Or Warn Of Louis' Alleged Prior Safety Violations.**

Voyagers reiterates that it had no duty to investigate or warn Plaintiffs of Louis' alleged "prior safety violations," and Plaintiffs have again failed to cite any case law supporting this argument. As set forth in the underlying motion, and as this Court expressly held in <u>Russell v. Celebrity Cruises, Inc.</u>, an independent travel or booking agent cannot be held liable for the negligence of its principal where the agent simply makes the reservation or packages the tour. No. 96 Civ. 3328, 2000 U.S. Dist LEXIS 10332, at *4 (S.D.N.Y. 2000), annexed to this

Memorandum as Exhibit 1. Indeed, in Russell, this Court stated that plaintiffs' claim that the travel agent was negligent in failing to inspect or warn of health violations on the subject ship was "in the face of well-established law… and without any case support." Id. at *6.

Plaintiffs have attempted to distinguish Russell by stating that the Court's ruling was based on a lack of evidence that the travel agent did not know of any disease outbreaks on the ship. See Pltf. Br. at p.9. However, this argument is misguided, and presents an incomplete representation of this Court's language. First, the language that Plaintiffs have chosen to quote is the text of a footnote, not the Court's holding. Russell, FN 4 at *6. Second, Plaintiffs omitted an essential part of the sentence, which reads "[e]ven assuming arguendo that Liberty would have had a duty to warn of health hazards it knew of but plaintiffs did not…." Id. (emphasis added). This omitted language provides unequivocal support for Voyagers' argument that it had no duty to investigate or warn Plaintiffs of Louis' alleged safety violations.

From a practical standpoint, the Court in Russell could have entertained the same argument Plaintiffs are proffering in this case. That is, the travel agent, as the sole provider of information to the plaintiffs, was in the best position to determine the health/safety records of the selected cruise ship, and should have warned the plaintiffs of the alleged prior outbreaks. The Court did not take this position, and instead held that the travel agent, and those who package tours, have no duty to assume such responsibilities. Russell, at *6. This Court should apply this same principle to Plaintiffs' claims in the herein actions.

Notwithstanding the fact that Plaintiffs "specially allege Globus knew or should have known of Louis Cruise's prior safety violations," they have cited no authority to support this allegation. See Pltf. Br. at p. 5. Instead, they attempt to support this claim with unrelated cases tending to show that a party can, in certain instances, be held liable for the acts of a third-party. Nevertheless, cases cited by Plaintiffs are distinguishable from the present action.

As Plaintiffs state, the Court in In re September 11 disagreed with the airlines' argument that they had no duty to the ground victims, and denied their motion to dismiss. 280 F. Supp.2d 279, 295 (S.D.N.Y. 2003). However, In re September 11 is distinguishable from this case for several reasons. First, the Court noted that "airlines typically recognize responsibility to victims on the ground." Id. at 291. Tour packagers assume no responsibility for the safety of passengers aboard independent cruise ships, and as set forth in Russell, have no duty to do so. Second, another factor the In re September 11 Court considered was who was in the best position to protect against the risks (of a terrorist attack). Id. at 293. The Court determined this arguably was the airlines, not the travel agents who booked passengers on the flights. Id. In this case, Louis would have been in the best position to prevent the criminal negligence of its own staff that caused Plaintiffs' alleged injuries, not Voyagers. Finally, the Court in In re September 11 determined that since there was ample case law supporting the duty argument, a recognition of a duty on the part of the aviation defendants would not substantially expand or create new channels of liability. Id. at 294. With regard to the present case, there is direct case law supporting Voyagers' argument that it had no duty to undertake the actions advocated by Plaintiffs. To find otherwise would substantially expand the channels of liability, and would essentially cripple the travel agency/tour packing industry, as companies would decline to act as middlemen between passengers and travel carriers if they knew they would be open to liability any time there was an accident involving the chosen carrier.

The cases Plaintiffs rely on in support of an agency argument are all distinguishable from the present actions. In Rovinsky v. Hispanidad Holidays, Inc., the plaintiffs, who were injured on a tour bus, relied on defendant's advertising brochure which explicitly depicted a tour bus with the defendant's name on it and was supported by a caption highlighting "Our Motorcoaches." 180 A.D.2d 673, 580 N.Y.S.2d 49 (2d Dep't 1992). Voyagers never

represented that the Plaintiffs would be traveling on a Voyagers cruise ship. Similarly, in <u>Fogel v. Hertz Int'l, Ltd.</u> and <u>Ahmad v. Ennab</u>, both courts were inclined to find an agency relationship where the defendants and their international counterparts operated under the same names, Hertz Italiana in the former, Budget Rent-A-Car in the latter. <u>Fogel</u>, 141 A.D.2d 375, 529 N.Y.S.2d 484 (1st Dep't 1988); <u>Ahmad</u>, 158 A.D.2d 637, 522 N.Y.S.2d 33 (2d Dep't 1990). Finally, Plaintiffs' reliance on <u>Casey v. Sanborn's Inc. of Texas</u> and <u>Hudson v. Continetal Bus. Sys., Inc.</u> is inappropriate as both are Texas cases, ranging from 35 to 50 years old, applying Texas law. Neither are binding authority on this Court. <u>Casey</u>, 478 S.W.2d 234 (Tex. Civ. App. 1972); <u>Hudson</u>, 317 S.W.2d 584 (Tex. Civ. App. 1958).

Accordingly, as Plaintiffs have failed to provide any new facts or legal support for their allegation that Voyagers breached a duty to investigate or warn of Louis' alleged safety violations, their cause of action alleging negligence should be dismissed in its entirety.

### 2. A Full Factual Record Is Unnecessary For This Court To Determine That Voyagers Was Not The Proximate Cause Of Plaintiffs' Alleged Injuries.

There is no set of facts that Plaintiffs will be able to show that would prove the sinking of the Louis cruise was not an intervening act, severing any potential liability of Voyagers. As Plaintiffs set forth in their opposition papers, intervening acts must be the sole cause of a plaintiff's injury and had to be unforeseeable to the defendant to bar recovery. See <u>In re September 11</u> at 301-02. Criminal activity by an established cruise line's captain and crew, as emphasized repeatedly by Plaintiffs, is simply not foreseeable. Moreover, the crash of the M/S Sea Diamond, and its subsequent sinking, are the sole causes of Plaintiffs' injuries. These injuries would have occurred regardless of what company booked their passage aboard the ship. Thus, the Court does not need a full factual record before it to determine that the possibly criminal activities of the Louis captain and crew were the proximate cause of Plaintiffs' alleged

injuries, and that no action within the confines of Voyagers' legal duties would have prevented the accident. Accordingly, Plaintiffs' negligence claim should be dismissed in its entirety.

**B.     Plaintiffs' Third Cause Of Action Alleging Breach Of Contract Should Be Dismissed.**

Plaintiffs' third cause of action alleging breach of an insurance contract should be dismissed because the actions of which Plaintiffs complain, the processing of their insurance claims, are the responsibility of a third-party, TripMate, not Voyagers. Moreover, Plaintiffs have again failed to allege their own due performance of their obligations under the insurance agreement.

**1.     Voyagers Could Not Have Breached An Agreement By Which It Had No Obligation To Perform.**

It is a factual and legal impossibility that Voyagers could have breached an agreement under which it had no obligation to perform. It is axiomatic that in order to sustain a cause of action alleging breach of contract, there must have been an incidental breach of an agreement. However, as set forth in the underlying motion, Voyagers was not the entity responsible for administering and/or processing Plaintiffs' insurance claims. The Travel Protection Plan, which is properly before this Court as it constitutes Plaintiffs' insurance contract which was expressly referenced in their Complaints, explicitly states that all claims should be presented to the program administrator, TripMate. See Travel Protection Plan, Exhibit "C" to Lauck Affidavit.[1] Voyagers' obligations can thus be equated to those of an insurance broker, which bears no liability if the insurer breaches its agreement. See Falchook Markets, Inc. v. Warner Reciprocal Insurers, 54 A.D.2d 831, 388 N.Y.S.2d 100 (1st Dep't 1976) (affirming decision that because

---

[1] All exhibits referred to in this memorandum of law are attached to the underlying Affidavit of Helen Lauck, unless otherwise indicated.

insurer remained liable under the subject policy, there was no basis for an alternative claim against the broker).

Since Voyagers had no obligation to perform under the insurance agreement, it is impossible for it to have breached the agreement. Accordingly, Plaintiffs' cause of action alleging a breach must be dismissed in its entirety.

    2.    **Plaintiffs Have Again Failed To Allege That They Performed Their Obligations Under The Insurance Agreement.**

Notwithstanding the fact that Voyagers had no contractual duty to pay out on Plaintiffs' claims, Plaintiffs' breach of contract cause of action further warrants dismissal because they have not alleged that they performed their own obligations under the contract. As set forth in the underlying motion, when pleading a breach of an express contract, the complaint must contain some allegation that the plaintiffs actually performed their own obligations under the contract. The Reuben H. Donnelley Corp. v. Mark I Mktg. Corp., 925 F. Supp. 203, 206 (S.D.N.Y. 1996). The Travel Protection Plan required that all claims be submitted directly to TripMate for processing. See Travel Protection Plan, Exhibit "C" to Lauck Affidavit. However, in their Complaints, as well as their opposition papers, Plaintiffs fail to allege that they satisfied this requirement. See generally Complaint, Exhibit "A" to Lauck Affidavit. Plaintiffs have not alleged that they submitted claims, if any, to TripMate. Instead, Plaintiffs make a vague statement that "full payment was requested." Id. at ¶45.

Accordingly, Plaintiffs' cause of action alleging breach of contract should be dismissed in its entirety.

C.    **Plaintiffs Have Again Failed To Allege How Voyagers' Advertising Was Deceptive.**

Plaintiffs' fourth cause of action alleging deceptive acts or practices under General

Business Law ("GBL") §349 should be dismissed because Plaintiffs have failed again to identify what or how Voyagers' advertising practices were misleading. Rather than point to a specific representation to the public which Plaintiffs contend was misleading, Plaintiffs rely exclusively on their vague allegation that Voyagers' advertising campaigns "stress safety as their chief selling points," and state that this was rendered somehow deceptive because in an isolated incident, the independently operated Louis cruise ship sank. See Complaint at ¶52, Exhibit "A" to Lauck Affidavit; see also Pltf. Br. at p. 13. At the outset, Voyagers reiterates that the web page cited in Plaintiffs' Complaints contains no statement that Voyagers would "warn the public against dangers it should have known of" as Plaintiffs' again allege. See Trust and Travel Protection Page, Exhibit "C" to Lauck Affidavit. This web page contains nothing more than a description of travel protection policies Voyagers offers, and highlights of awards it has won for "Best Tour Operator in Europe." Id.[2]

Plaintiffs have repeatedly stated that "Greek authorities may be bringing criminal charges against the captain and crewmembers of the M/S Sea Diamond." See Complaint, Exhibit "A" to Lauck Affidavit; see also Pltf. Br. at p. 1. Plaintiffs state that these "criminal acts" form the basis of their allegations that Voyagers' advertising was deceptive. However, it is untenable to suggest that a company which advertises the safety of its products, can later be accused of deception when in an isolated incident, one of its "products" is rendered unsafe by criminal acts of a third party.

Voyagers is not taking the position that it does not value safety. Nor does Voyagers dispute that the cruise ship sank as a result of the criminal actions of the Louis captain and crew,

---

[2] Interestingly, under the section which describes the travel insurance available through Voyagers, which is on the same page Plaintiffs have presumably read as it is cited in their Complaints, the hyperlink to obtain additional information on the insurance leads the viewer away from the Voyagers website, and to TripMate's external web page.

as Plaintiffs have repeatedly emphasized. Voyagers' actions were not at all deceptive, it simply had the misfortune of securing its clients passage aboard an established cruise ship which was the subject of a very unfortunate accident. Accordingly, Plaintiffs' cause of action alleging deceptive acts and practices must be dismissed in its entirety.

## CONCLUSION

For all the foregoing reasons, and those set forth in Defendant's underlying motion papers, Defendant Group Voyagers, Inc. respectfully requests that the Court grant its motion and dismiss Plaintiffs' Complaints in their entirety with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: Jericho, New York
      October 1, 2007

**NIXON PEABODY LLP**

By: _____
Joseph J. Ortego, Esq. (JJO 3839)
James W. Weller, Esq. (JWW 0545)
Scott P. Eisenberg, Esq. (SE 3775)
*Attorneys for Defendant*
*Group Voyagers, Inc.*
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500

TO:

Jacqueline M. James, Esq. (JJ 1845)
*Attorney for Plaintiff*
Law Office of Todd J. Krouner
93 North Greeley Avenue, Suite 100
Chappaqua, New York 10514
(914) 238-5800