# EXHIBIT 1

Get a Document - by Citation - 2000 U.S. Dist. LEXIS 10332    Page 1 of 4

Case 7:07-cv-03665-WCC    Document 15-2    Filed 10/01/2007    Page 2 of 5

*2000 U.S. Dist. LEXIS 10332, ***

THOMAS H. RUSSELL and MARGARET RUSSELL, Plaintiffs, v. CELEBRITY CRUISES, INC., CHANDRIS, INC., LIBERTY TRAVEL, ABC CORP. (name fictitious and unknown), JOHN and JANE DOES (names fictitious and unknown), Defendants.

96 Civ. 3328(BSJ)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2000 U.S. Dist. LEXIS 10332

July 20, 2000, Decided
July 24, 2000, Filed

**DISPOSITION:** [*1] Defendant Liberty's motion for summary judgment GRANTED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant travel agency moved for summary judgment dismissing plaintiff's negligence complaint.

**OVERVIEW:** Plaintiffs brought suit against defendant travel agency alleging that due to their negligence, one of the plaintiffs contracted Legionnaire's disease while aboard a cruise ship belonging to a carrier for which defendant issued tickets. Defendant filed a motion for summary judgment. The court found that under New York law, an independent travel or booking agent could not be held liable for the negligence of its principal where the agent simply made the reservation or packaged the tour. Simply put, defendant did not owe plaintiffs a duty to provide safe passage because defendant had no relationship to the carrier. Since there was no theory of tort liability that would support a negligence claim, the court dismissed the complaint on summary judgment.

**OUTCOME:** The court granted summary judgment, finding, under New York law, a travel agency could not be held liable for the actions of the carrier where it's only relationship to the carrier and passenger was booking tickets; no tort theory supported plaintiff's action.

**CORE TERMS:** ship, cruise line, outbreaks, travel agent's, summary judgment, travel, fiduciary, warn, reservation, undisputed, ticket, services provided, material fact, moving party, reasonable inferences, breach of contract, contractor's, packaging, carrier, genuine, cruise, booked, manage, bus, owe, cruise ship, health hazards, contracted, departure, supposed

**LEXISNEXIS(R) HEADNOTES**
Civil Procedure > Discovery > Methods > General Overview
Civil Procedure > Summary Judgment > Standards > Genuine Disputes
Civil Procedure > Summary Judgment > Standards > Materiality
*HN1* Summary judgement may not be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

Civil Procedure > Summary Judgment > Standards > General Overview
*HN2* In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.

Civil Procedure > Summary Judgment > Motions for Summary Judgment > General Overview

Civil Procedure > Summary Judgment > Opposition > General Overview
Civil Procedure > Summary Judgment > Standards > Materiality

**HN3** Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. Nonetheless, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.

Business & Corporate Law > Agency Relationships > Agents Distinguished > Independent Contractors, Masters & Servants > Independent Contractors
Business & Corporate Law > Agency Relationships > Authority to Act > Contracts & Conveyances > Liability of Agent
Business & Corporate Law > Agency Relationships > Duties & Liabilities > Negligent Acts of Agents > Liability of Principals

**HN4** Under New York law, an independent travel or booking agent can not be held liable for the negligence of its principal where the agent simply makes the reservation or packages the tour. Where, as here, the travel agent's actions are limited to making reservations or packaging tours, the companies providing the actual services are considered to be independent contractors, precluding liability against the travel agent for any of the contractor's tortious activity.

**COUNSEL:** For MARGARET RUSSELL, plaintiff: Mathew J. Mari, Mathew J. Mari, New York, NY.

For LIBERTY TRAVEL, defendant: Steven Alan Adler, Jacobowitz Garfinkel & Lesman Esqs., New York, NY.

For LIBERTY TRAVEL, cross-claimant: Steven Alan Adler, Jacobowitz Garfinkel & Lesman Esqs., New York, NY.

**JUDGES:** BARBARA S. JONES, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** BARBARA S. JONES

**OPINION**

**MEMORANDUM ORDER**

**BARBARA S. JONES**

**UNITED STATES DISTRICT JUDGE**

Plaintiffs Thomas and Margaret Russell bring suit against defendant Liberty Travel ("Liberty") alleging that due to Liberty's negligence Thomas Russell contracted Legionnaire's disease while aboard a cruise ship belonging to a carrier for which Liberty issued tickets. [1] Liberty now moves for summary judgment dismissing the complaint. Because plaintiffs have not introduced any evidence that raises a triable issue of fact, defendant's motion is granted.

**FOOTNOTES**

[1] Liberty is the only remaining defendant in the case. By Order dated March 24, 1997, the Court dismissed all claims against defendants Celebrity Cruises, Inc. and Chandris, Inc. *See Russell v. Celebrity Cruises, Inc.*, 1997 U.S. Dist. LEXIS 3610, No. 96 Civ. 3328, 1997 WL 148712 (S.D.N.Y. March 28, 1997) (LMM). Plaintiff's claims against ABC Corp. and Jane and John Doe are hereby dismissed for failure to prosecute, as those defendant's identities and addresses remain unknown.

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 10315    Page 3 of 4

Case 7:07-cv-03065-WCC    Document 15-2    Filed 10/01/2007    Page 4 of 5

**[*2]** The following facts are, unless otherwise noted, undisputed or as alleged by the plaintiff. On or about April 14, 1994 plaintiffs purchased tickets from defendant Liberty for passage on the Celebrity Cruise Line ship "Horizon" ("the ship") which was scheduled to depart from New York on May 26, 1994. Liberty is a travel agency and booked plaintiffs' passage and all travel arrangements, including dates of departure and arrival. Liberty did not own, operate, manage, control, or maintain any of the services provided in connection with the cruise line. Plaintiff Thomas Russell contracted Legionnaires disease while on board the ship and was hospitalized immediately following the cruise. After plaintiffs returned from their trip, they allege that they learned "that there had been outbreaks of [unspecified] illness on the cruise ships sailing to Bermuda beginning on April 30, 1994 . . . . We feel we should have been warned by Liberty." (See Thomas Russell Aff. P 5). In any event, it is undisputed that Liberty did not warn the plaintiffs of any "outbreaks" of "illness" prior to departure.

HN1 Summary judgement may not be granted unless "the pleadings, depositions, answers to interrogatories, **[*3]** and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); *Gallo v. Prudential Residential Servs., Ltd. Partnership*, 22 F.3d 1219, 1223 (2d Cir. 1994). HN2 In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 8 L. Ed. 2d 176, 82 S. Ct. 993 (1962). HN3 Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir. 1994). Nonetheless, "the mere existence of some alleged factual dispute between the parties will not defeat **[*4]** an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

As an initial matter, HN4 under New York law, an independent travel or booking agent cannot be held liable for the negligence of its principal where the agent simply makes the reservation or packages the tour. [2] *See Jacobson v. Princess Hotels Intern., Inc.*, 101 A.D.2d 757, 475 N.Y.S.2d 846, 848 (N.Y. App. Div. 1984); *see also Meshel v. Resorts International of New York, Inc.*, 160 A.D.2d 211, 553 N.Y.S.2d 342 (N.Y. App. Div. 1990). Where, as here, the travel agent's actions are limited to making reservations or packaging tours, the companies providing the actual services are considered to be independent contractors, precluding liability against the travel agent for any of the contractor's tortious activity. *See Dorkin v. American Express Co.*, 43 A.D.2d 877, 351 N.Y.S.2d 190, 192 (N.Y. App. Div. 1974) (travel agent not liable for an injury caused by a tour bus driver on a bus booked by that travel **[*5]** agent on either a breach of contract or negligence theory because the defendant agreed only to supply the plaintiff with a vacation and did not specifically agree to insure the safety of the plaintiff). [3] Simply put, Liberty did not owe plaintiffs a duty to provide safe passage because Liberty had no relationship to the carrier, Celebrity Cruise Lines, other than its involvement in making reservations and packaging tours that were provided by the cruise line. Liberty did not own, operate, manage, control, or maintain any of the services provided in connection with the cruise line. There is no theory of tort liability that would support a negligence claim against Liberty under these circumstances.

**FOOTNOTES**

2 The Court has applied New York law to this action. The parties do not brief choice of law, but cite to New York, New Jersey and Connecticut cases, among others. In any event, plaintiffs have cited no law from any jurisdiction that is at odds with this proposition of New York law.

3 In the instant action, plaintiffs did not allege breach of contract.

**[*6]** In the face of this well-established law, plaintiffs claim that Liberty, the ticket agent, was negligent either in failing to warn plaintiffs of the "outbreaks" or in failing to "inspect" the ship for hazards. However, plaintiff has cited no law in support of its contentions that Liberty owed a duty to plaintiffs to warn of the "hazard" of "outbreaks" or to inspect the ship. [4]

Get a Document - by Citation - 2000 U.S. Dist. LEXIS 10332    Page 5 of 5

Case 7:07-cv-03665-WCC    Document 25-2    Filed 10/01/2007    Page 4 of 4

**FOOTNOTES**

4 Even assuming arguendo that Liberty would have had a duty to warn of health hazards it knew of but plaintiffs did not, there simply is no evidence that Liberty knew of the "outbreaks." Plaintiff has adduced no evidence that Liberty had any such knowledge.

Indeed, plaintiffs' sole contention in their memorandum of law is that Liberty somehow breached a *fiduciary* duty to plaintiffs. Again, plaintiffs cannot cite a single case from any jurisdiction in support of their proposition that Liberty and the plaintiffs had a fiduciary relationship, because they did not. Even if Liberty did owe plaintiffs a fiduciary duty, there is no evidence **[*7]** in the record that would support a finding of a breach of that duty. It is undisputed that Liberty had no knowledge of any health hazards on the ship. Therefore, there was no information that Liberty, the supposed fiduciary, withheld from the plaintiffs, the supposed beneficiaries, and, hence, no breach of duty.

Accordingly, defendant Liberty's motion for summary judgment is GRANTED. The Clerk is directed to enter Judgment dismissing the complaint and closing the case.

**SO ORDERED:**

Barbara S. Jones

UNITED STATES DISTRICT JUDGE

New York, New York

July 20, 2000

Service: **Get by LEXSEE®**
Citation: **2000 us dist lexis 10332**
View: Full
Date/Time: Monday, October 1, 2007 - 11:32 AM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
◆ - Positive treatment is indicated
◯ - Citing Refs. With Analysis Available
◯ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

 LexisNexis    About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.