UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x
ELIZABETH BURBAGE,  :
         Plaintiff,  :
          :
    - against -  :    Case No. CV 07 3665
          :    and Twenty-Seven
LOUIS PUBLIC COMPANY LIMITED and GROUP  :    Related Actions
VOYAGERS, INC.,  :    (WCC)(GAY)
         Defendants.  :
-------------------------------------------------------------------------- x

---

### DEFENDANT'S MEMORANDUM OF LAW IN
### FURTHER SUPPORT OF ITS MOTION TO DISMISS
### AND IN OPPOSITION TO PLAINTIFFS' SUR-REPLY

---

                  **NIXON PEABODY LLP**
                  *Attorneys for Defendant*
                  *Group Voyagers, Inc.*
                  50 Jericho Quadrangle
                  Suite 300
                  Jericho, New York 11753
                  (516) 832-7500

*Of Counsel*
    Joseph J. Ortego, Esq. (JJO 3839)
    Scott P. Eisenberg, Esq. (SE 3775)

## PRELIMINARY STATEMENT

Defendant Group Voyagers, Inc., d/b/a Globus ("Defendant" or "Voyagers") respectfully submits this Memorandum of Law in Further Support of its Motion, and in opposition to Plaintiffs' supplemental memorandum of law, pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "Rule") §12(b)(6), for an Order dismissing the above-referenced actions in their entirety as to Defendant Voyagers.

Plaintiffs' rambling attempt to defeat Voyagers' motion by referencing numerous documents wholly outside of the allegations of their Complaints must fail as a matter of law. On one hand, the documents Plaintiffs appear to reference are not properly authenticated, are of questionable origin, or are otherwise inadmissible and should be excluded from the Court's consideration.

On the other hand, assuming, *arguendo*, the Court decides to consider these documents, the documents Plaintiffs cite provide further and additional grounds to warrant dismissal. Notably, the purported terms and conditions of the passengers' trips Plaintiffs cite contains a mandatory alternative dispute resolution provision, with a forum in the State of Colorado. These same terms and conditions also disclaim any and all liability against Voyagers for any damage or loss, <u>including personal injury</u>, arising out of any act or omission of any supplier of services. Based upon these proffered terms and conditions, this Court lacks jurisdiction over Voyagers in this matter, and there can be no possible liability on the part of Voyagers.

Moreover, Plaintiffs have still failed to establish a basis, as a matter of law, for their claims of breach of contract and deceptive acts and practices against Voyagers.

Accordingly, Plaintiffs' Complaints should be dismissed in their entirety as to Defendant Voyagers.

## ARGUMENT

## DISMISSAL OF THESE ACTIONS IS PROPER

**A.  Plaintiffs' Latest Document Submissions Are Not Referenced In The Complaints And Are Properly Excluded From The Court's Consideration.**

The Court should exclude from consideration all documents submitted by Plaintiffs as exhibits to their sur-reply. First, Plaintiffs' latest submission refers to numerous exhibits which are completely outside the four corners of the allegations pled in Plaintiffs' Complaints.[1] To this end, Courts generally exclude from consideration extrinsic materials on a rule 12(b)(6) motion, and decide the motion on the complaint alone, especially where the issues raised by such materials are not discrete or dispositive. See Hunt v. Meharry Med. Coll., No. 98 Civ. 7193, 2000 U.S. Dist. LEXIS 7804, at *5 (S.D.N.Y. June 6, 2000), Ex. 1; Securities and Exchange Comm'n v. Simonson, No. 96 Civ. 9695, 2000 U.S. Dist. LEXIS 8553, at *2-3 (June 13, 2000), Ex. 1 (excluding materials outside pleadings from consideration where the issues were not discrete, were at the heart of the litigation, and there was substantial overlap between the evidence that was relevant to them and the evidence that would likely be submitted as to other aspects of the case).

In support of their opposition, Plaintiffs now submit, *inter alia*, "Terms and Conditions" presumably for the Plaintiffs' trips, a document purporting to be Terms and Conditions between the Plaintiffs and the cruise line, law journal articles, and a declaration of a purported travel expert that was used in an unrelated case. All of these documents are extrinsic materials, and relate to the alleged info wholly outside the allegations contained in Plaintiffs' Complaints. Accordingly, the Court should exclude all of Plaintiffs' submissions from its consideration of the underlying motion.

---

[1] Plaintiffs have not sought leave to amend their pleadings to reflect any of the documents they now refer to.

In addition, Plaintiffs have failed to authenticate any of the documents they now submit, and their origins are at best, questionable. As the documents have not been properly authenticated, they constitute inadmissible hearsay and are not probative on any issue raised on this motion. See Novak v. Versus Tucows, Inc., No. 06 Civ. 1909, 2007 U.S. Dist. LEXIS 21269, at *17-18 (E.D.N.Y. Mar. 26, 2007), Ex. 1 ("As [plaintiff] proffers neither testimony nor sworn statements attesting to the authenticity of the contested web page exhibits by any employee of the companies hosting the sites from which plaintiff printed the pages, such exhibits cannot be authenticated as required under the Rules of Evidence.").

Plaintiffs have proffered absolutely no testimony or sworn statements, aside from that of their attorney, to even attempt to authenticate or decipher the exhibits to their brief. By way of example, Plaintiffs' Exhibit 2, entitled "Terms and Conditions of Carriage of Passengers and Their Luggage," contains no reference to any of the parties in these actions, or any indication as to who the purported terms and conditions were drafted by or apply to. The sole identification is a hand-written note at the top of the page that says "Sea Diamond." There is no way for Voyagers to know what this document actually is.

Accordingly, the Court should exclude Plaintiffs' documents from its consideration.

**B.　Plaintiffs' Document Submissions Provide Additional Support For The Dismissal Of The Action As To Defendant Voyagers.**

Assuming, *arguendo*, the Court considers the documents submitted by Plaintiffs, these documents provide further and additional grounds for dismissal.

### 1.　This Court Lacks Jurisdiction Under The Terms And Conditions Submitted By Plaintiffs.

Pursuant to Plaintiffs' Exhibit 1, entitled "Terms and Conditions," this Court lacks jurisdiction over these matters because assuming, *arguendo*, this document is what Plaintiffs

purport it to be, all disputes between the parties are governed by a mandatory alternative dispute resolution in Colorado. The Terms expressly provide that:

> **Any dispute between the vacation participant and [Voyagers] directly or indirectly relating to the Terms and Conditions shall be first submitted to mediation at Denver, Colorado before a moderator mutually agreed to by the parties. If mediation is not successful, the dispute must be resolved by binding arbitration under Colorado law before the Judicial Arbiter Group or its successor located at 1601 Blake Street, Denver, Colorado 80202.**

(emphasis included). Therefore, Plaintiffs improperly filed these actions in this Court, and this Court lacks jurisdiction over this alleged dispute.

### 2. The Terms And Conditions Expressly Disclaim Any Liability As Against Voyagers.

Moreover, the Terms and Conditions referenced in Plaintiffs' Exhibit 1 expressly disclaim any potential liability as against Voyagers. Specifically, the Terms state:

> The vacation participant agrees that neither [Voyagers] nor its affiliates shall be liable for any damage, loss (including <u>personal injury</u>, death, and property loss) or expense occasioned by any act or omission of any supplier providing services…

See Plaintiffs' Exhibit 2 (emphasis added). Therefore, assuming, *arguendo*, the "Terms and Conditions" of Plaintiffs' Exhibit 1 are applicable as between Plaintiffs and Voyagers, Plaintiffs have agreed that Voyagers cannot be held liable for Plaintiffs' alleged personal injuries and/or losses, and dismissal is warranted.

### 3. This Action Is Not Governed By European Communities Law.

Plaintiffs' notion that the law of the European Communities ("EC Law") somehow governs this dispute is plainly false. Plaintiffs' sole contention that EC Law applies seems to stem from a paragraph of Plaintiffs' Exhibit 1, the Terms and Conditions. This paragraph, however, is limited in scope by its own language to "travel certificates and other travel

documents," and does not relate in any way to disputes of personal injury as alleged here. The provision in the Terms and Conditions concerning dispute resolution is plainly specified in a separate paragraph, which specifies that any and all claims for losses must be submitted to mandatory alternative dispute resolution in Colorado. See infra Section B(2).

Thus, the purported agreements referenced by Plaintiffs, including Plaintiffs' Exhibits 1 and 2, are neither executed nor do they refer to Voyagers, and bear absolutely no relation to the alleged claims here. Accordingly, Plaintiffs' apparent reliance on these documents to support a contention that EC Law somehow applies here is entirely misplaced.

C.  **Plaintiffs' Claims For Breach Of Contract And Deceptive Acts And Practices Warrant Dismissal As A Matter Of Law.**

As set forth in the underlying motion papers, Plaintiffs' claims for breach of contract and deceptive acts and practices against Voyagers are completely without merit. Plaintiffs' breach of contract claims must be dismissed because Voyagers had no obligation to perform under the alleged agreements between Plaintiffs and Voyagers. TripMate, a non-party to this litigation, not Voyagers, was solely responsible for processing and paying out on insurance claims. Moreover, Plaintiffs have not alleged the requisite element that they performed their own obligations under the agreement, namely submitting their claims to TripMate, further warranting dismissal of this claim. In their latest submission, Plaintiffs have still not cured these defects in their Complaints. Accordingly, Plaintiffs' breach of contract claims must be dismissed as a matter of law.

Similarly, Plaintiffs' claims alleging deceptive acts and practices as against Voyagers must be dismissed. Plaintiffs' exclusive reliance exclusively on a vague allegation that Voyagers advertising campaigns "stress safety as their chief selling points," and that this was somehow rendered deceptive because in an isolated incident, the independently operated cruise ship sank is misplaced. It is untenable to suggest that a company which advertises the safety of its products,

can later be accused of deception when in an isolated incident, one of its "products" is rendered unsafe by the criminal acts of a third party, as Plaintiffs have characterized Louis' actions. Plaintiffs have again failed to identify any specific misleading or deceptive statements, and have failed to satisfy the requirements of GBL ¶349. Accordingly, the claims for deceptive acts and practices should be dismissed in their entirety.

## CONCLUSION

For all the foregoing reasons, and those set forth in Defendant's underlying motion papers, Defendant Group Voyagers, Inc. respectfully requests that the Court grant its motion and dismiss Plaintiffs' Complaints in their entirety with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: Jericho, New York
      February 15, 2008

NIXON PEABODY LLP

By: _____
    Joseph J. Ortego, Esq. (JJO 3839)
    Scott P. Eisenberg, Esq. (SE 3775)
*Attorneys for Defendant*
*Group Voyagers, Inc.*
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500

TO:

Paul S. Edelman, Esq.
Kreindler & Kreindler LLP
*Attorneys for Plaintiffs*
100 Park Avenue
New York, NY 10017
(212) 687-8181

Michael E. Unger, Esq.
Freehill, Hogan & Maher LLP
*Attorneys for Louis Public Company Limited*
80 Pine Street
New York, NY 10005
(212) 425-1900

Jeffrey E. Foreman, Esq.
Matlzman Foreman, P.A.
*Attorneys for Louis Public Company Limited*
2 South Biscayne Boulevard - Suite 2300
Miami, FL 33131
(305) 358-6555